**LOUISVILLE & NASHVILLE RAIL- ROAD COMPANY, Appellant,**

v.

**Leonard DISSPAIN, Appellee.**

**No. 13913.**

United States Court of Appeals Sixth Circuit.

Feb. 25, 1960.

Taylor H. Cox, Knoxville, Tenn. (Williston M. Cox, Knoxville, Tenn., Alvin Y. Bell, Dayton, Tenn., on the brief), for appellant.

J. H. Doughty, Knoxville, Tenn. (Hodges, Doughty & Carson, Knoxville, Tenn., on the brief), for appellee.

Before MILLER and WEICK, Circuit Judges, and THORNTON, District Judge.

PER CURIAM.

The action in the District Court was one for damages for personal injuries. It was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and resulted in a verdict and judgment in favor of the plaintiff for $17,-500.

In this appeal, the railroad claims that the District Court should have ren-

dered judgment in its favor because (1) the action below was not commenced within three years from the date of the injury as required by the Act (45 U.S. C.A. § 56) and (2) the claim was settled by the payment of $1,200 and the execution of a release by appellee.

█ The accident happened on July 19, 1951, but suit was not commenced until November 11, 1957—more than six years later.

Appellee's claim was that he had been misled by the statement of a doctor (to whom he had been sent by the railroad on April 25, 1952) to the effect that there was nothing wrong with him; that he should return to work; that he relied on this doctor's statement and returned to work and did not bring his action within the statutory period because he believed that there was nothing the matter with him; that he did not learn of the truth until November 10, 1954 when another physician informed him that he had a disintegrated intervertebral disc which required surgery.

The trial judge submitted the issue of fact to the jury under the following instructions:

"The Court charges you that if you find that the representations made to plaintiff by the doctor chosen by the defendant to examine the plaintiff, were in fact misrepresentations although unintentional on the part of the doctor, and plaintiff failed to institute suit within three years because of such misrepresentations, such misrepresentations were sufficient to toll, that is to stop, the three-year statute of limitations.

"The Court further charges you that if you find that the physician chosen by the defendant to examine the plaintiff misrepresented to the plaintiff the plaintiff's true condition and that the plaintiff relied upon such misrepresentation, this would suffice to toll the running of the three-year statute of limitations and plaintiff would not be barred by the application of the three-year statute

of limitations provided for in the Federal Employers' Liability Act."

No exception was taken to the instructions.

The railroad claims that the evidence was insufficient to warrant submission of this issue to the jury. It says that the doctor was not its employee, but an independent physician; that at most he gave merely an opinion which did not constitute fraud or misrepresentation.

It was undisputed that appellee was an employee of the railroad; that an accident happened on July 19, 1951 and appellee received some injury as a result of the negligence of the railroad; that the railroad sent appellee to the doctor for the purpose of the examination; that the doctor made the examination and took X-rays; that he told appellee that there was nothing wrong with him and that he should return to work.

The evidence disclosed that appellee was an illiterate who had not completed the second grade of elementary school; that following the accident his back continued to bother him; that the X-rays taken in 1952 by the railroad's doctor indicated that he did have a disc involvement; that he had a laminectomy operation performed on September 25, 1956.

Following the operation the railroad paid appellee $1,200 which he thought was to take care of his medical bills. The railroad understood it was settling the case.

Since the statement made by the doctor to appellee concerned the very matter he was employed by the railroad to perform, it can hardly be said that the doctor acted without authority or on his own. While we do not have before us the question of the liability of the railroad in damages for an erroneous statement made by a physician employed by it to perform a duty owing to its employee, it would seem perfectly clear that the railroad ought not to be permitted to take advantage of an erroneous statement made by its doctor to prevent its employee from having his day in court.

This case clearly comes within the doctrine of Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770.

The issue concerning the validity of the release was purely a factual one which the court submitted to the jury. No objection was made to the court's charge. We think the evidence required the court to submit the issue to the jury and that the verdict is supported by substantial evidence. Dice v. Akron, Canton & Youngstown R. Co., 1952, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398; Thompson v. Camp, 6 Cir., 1947, 163 F.2d 396.

The judgment of the District Court is affirmed.