William A. Reat, Administrator of the Estate of Clarence Walker, Deceased, Plaintiff-Appellant, v. Illinois Central Railroad Company, a Corporation, Defendant-Appellee.

Gen. No. 10,519.

Fourth District.

April 17, 1964.

Kenneth A. Green, of Mattoon, for appellant.

LeForgee, Samuels, Miller, Schroeder & Jackson, all of Decatur (Carl R. Miller, Jerald E. Jackson, and Robert W. Ohlsen, Joseph H. Wright and Robert S. Kirby, of counsel), for appellees.

CROW, P. J.

This is a personal injury suit brought by the plaintiff, Clarence Walker, on July 26, 1960, against the defendant, Illinois Central R. R. Company, under the Federal Employers' Liability Act, Title 45 USCA, par 51 ff., for damages for injuries allegedly occurring August 1, 1955 in the course of his employment. The plaintiff died during the proceedings and his Administrator was substituted as plaintiff. It is before the Court on the motion of the defendant to dismiss the second amended complaint and action.

The Act provides, as to limitations, Title 45 USCA, par 56:

> "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

The defendant in its motion to dismiss raised primarily the point as to limitations as being a matter apparent from the face of the second amended complaint. The Court allowed the motion and dismissed the second amended complaint and suit, with prejudice, and entered a final judgment for the defendant, the plaintiff not requesting leave to amend further and standing on the second amended complaint.

The plaintiff in the second amended complaint sought to anticipate the matter of limitations and attempted to allege facts which would create an alleged equitable estoppel precluding the defendant from raising the matter of limitations as a defense.

The second amended complaint alleged, in substance, that on August 1, 1955 the plaintiff's intestate, Clarence Walker, was a section hand working on the tracks of the defendant with other employees engaged in tamping railroad ties; one of the other employees, while in the course of his employment, negligently threw a crowbar in the direction of Walker, and the

crowbar struck his left foot, greatly injuring the foot; as a proximate result of the injury the left foot became greatly injured and deterioration and disease set in, which later required the amputation of the left leg approximately 9 inches below the knee, on or about June 13, 1958; Walker was not "appraised" of the injuries; following the injury Walker had pain in his left foot but continued in his employment; on the day of the injury he reported the injury to the defendant, and from time to time, after August 1, 1955, complained to the defendant of pain in his left foot; the defendant's foreman immediately after the injury sent Walker to the defendant's doctor in Mattoon, who examined the injured left foot and took x-rays; the doctor advised him August 2 or 3, 1955 that there was nothing wrong with him or his left foot or the bones therein and the examination was negative; Walker did in fact at that time have an injured left foot, and an injured bone therein, which was apparent to the defendant's doctor; in reliance upon the advice of the defendant's doctor Walker continued his employment with the defendant until May 2, 1958, when he became unable to work; Walker was untrained in medical matters and did not know until June 13, 1958 that the information given him by the defendant's doctor was inaccurate; after examination then by other doctors the injury was properly diagnosed and his left leg below the knee was amputated as a direct result of the injury sustained August 1, 1955; the acts of defendant's doctors in wrongfully advising Walker that he was without injury, when the injury was apparent to them, amounted to a fraud in law which tolled the running of the statute until June 13, 1958 and the defendant is estopped to assert the statute; after August 1, 1955 the defendant directed and encouraged Walker to continue work at light and menial tasks, with the same rate of pay, to May 2, 1958; such work was fur-

nished by the defendant in an attempt to cause Walker to forebear filing suit for the injury of August 1, 1955 until after the statute of limitations expired; as a proximate result of the action of the defendant, Walker was lulled into a state of well being and security and caused to forebear suit; Walker was a common laborer, had a limited education, and did not have experience or knowledge sufficient to recognize the defendant's tactics; Walker was misled by the actions of the defendant, and he relied to his detriment on the misleading and fraudulent actions of the defendant and did not file suit within the three year period; the acts of the defendant in keeping Walker employed and wrongfully lulling him into believing he was not seriously injured were a fraud in law, tolling the statute until June 13, 1958; and the defendant is estopped to assert the statute of limitations, because the defendant knew or in the exercise of due care should have known the injuries would ultimately cause loss of a portion of the left leg.

The defendant's motion to dismiss admits for that purpose the truth of such of the factual allegations of the second amended complaint as are well pleaded. It does not admit alleged conclusions or opinions or argumentative matter or irrelevant or immaterial allegations or other parts not otherwise properly pleaded.

The plaintiff's theory is that this decedent, from the allegations of the second amended complaint, had been lulled into a state of security and well being by the defendant's doctors and supervisors, and was persuaded or influenced to withhold suit, and hence the three-year statute of limitations was tolled and did not start running until the true facts were discovered.

The defendant's theory is that Walker at all times knew he had an injury; the only thing he did not know, according to the complaint as amended, was the full

270

extent of his injury; this cannot excuse his failure to file suit within the time allowed by law; there is no claim that the defendant ever asked Walker to refrain from filing suit or to postpone the filing; there is no contention that the defendant ever suggested to Walker that he need not file a claim; "lulling into a state of security" has no application here as an abstract principle of law; and unless the alleged action of the defendant specifically relates to the time for filing a claim, it cannot be the basis for overriding the statute of limitations.

██ ██ Compliance with the limitations period for suit provided by section 56 of the Federal Employers' Liability Act is a condition precedent to recovery; it is incumbent upon one suing thereunder to allege that his action is brought within the time limited: Carpenter v. Erie R. Co. (1942), 132 F2d 362. The limitations period therein is a condition of liability created by the statute: Wabash Ry. Co. v. Bridal (1938), 94 F2d 117. A cause of action for injuries accrues thereunder on the day the plaintiff (or the plaintiff's decedent) is injured: Hetman v. Fruit Growers Express Co. (1961), 200 F Supp 234,—the day the alleged accident or occurrence takes place: Den Heijher v. Erie R. Co. et al. (1959), 171 F Supp 174. "Accrued" as used therein in relation to a cause of action means the time when the events have occurred which determine, if at all, that the defendant carrier is liable: Reading Co. v. Koons (1926), 271 US 58, 70 L Ed 835; Flynn v. New York, N. H. & H. R. Co. (1931), 283 US 53, 75 L Ed 837. A plaintiff's cause of action in tort ordinarily accrues at the time his interest is invaded,—where the defendant's alleged breach of duty causes the plaintiff to suffer pain the invasion of his interest is manifest as soon as it occurs and he has a ripe cause of action then,—and the mere fact the extent of his damage is not immediately manifest does not postpone the accrual

271

of the cause of action: Brassard v. Boston & M. R. (1957), 240 F2d 138. When the nature of the injury is such that it manifests itself immediately, its symptoms are immediately detectable, and the plaintiff is aware of his condition and the alleged wrongful act which caused it almost from the instant the injury is inflicted,—though he may not always know the extent of his disability he is in no doubt that he was injured, —and where that knowledge exists on the occurrence of the injury there is an immediate accrual of the cause of action and the statutory period begins at that time: Young v. Clinchfield R. Co. (1961), 288 F2d 499.

In Deer v. New York Cent. R. Co. (1953), 202 F2d 625 (CA 7th), the Court affirmed an order sustaining the defendant's motion for summary judgment in a suit under this statute because the action was not commenced within three years after the date upon which the injuries complained of occurred. It appeared from the complaint filed August 13, 1951, and the motion, and affidavits, that the plaintiff employee of the defendant was on November 12, 1945 struck on the head by a chain hoist, knocked to the floor, and rendered temporarily unconscious; he suffered a gash, and a lump on the head; he was treated by the defendant's nurse for about 3 or 4 days; two months later his hair started to come out; his doctor told him his hair nerves were paralyzed; by February, 1946 he'd lost all his hair; at Easter, 1946 he had seizures or convulsions; he was hospitalized a week and off work 2 months; he suffered continuous headaches since the accident; he went back to work and worked regularly until June 24, 1950, when he fainted on the job, and did not work thereafter; he had a brain tumor, was totally and permanently disabled, and the condition was the result of the accident of November 12, 1945. The Court held the limitations period began to run when the alleged negligence or tort occurred (November 12, 1945),— the action accrued then, not at some

272

later time (June 24, 1950) when the alleged damage was developed or became definite or the full extent of the injury,—the brain tumor, was first learned or when the plaintiff was disabled.

It is true that it has been held in an action under this act for damages for an industrial disease allegedly contracted by the plaintiff years before while working for the defendant that a defendant may in certain circumstances be equitably estopped from raising the matter of limitations where it has induced the plaintiff's delay in bringing suit by representing to him that he had seven years in which to sue,—where he was justifiably misled by the defendant into a good faith belief he could sue within seven years,—on the principle that no man may take advantage of his own wrong,—where one has by his representations or conduct induced the other party to give him an advantage which it would be against equity and good conscience for him to assert, he will not be permitted to avail himself of that advantage: Glus v. Brooklyn Eastern Dist. Terminal (1959), 359 US 231, 3 L Ed2d 770. But, in accordance with general principles of equitable estoppel, it is necessary that the party asserting an estoppel against pleading the statute of limitations should have relied upon the acts, promises, or representations of the other party, and because of such reliance refrained from commencing action within the limitation period; no estoppel arises from a defendant's conduct which does not even tend to induce plaintiff to delay the bringing of his action; before the doctrine of estoppel may be invoked to prevent a defendant from relying upon the statute of limitations, the fraud must be of such a character as to prevent inquiry or to elude investigation, or to mislead the party who has the cause of action; and where the inducement for delay or the hindrance to the commencement of an action, if there has been any, has ceased to operate before the expiration of the limitation period,

273

so as to afford the plaintiff ample time thereafter in which to institute his action prior to the running of the statute of limitations, he cannot excuse his failure to do so on the ground of estoppel: Annotation, 3 L Ed2d 1886 ff., 1889, 1890, 1895, 1896. Generally, ignorance of the existence of a cause of action is required on the part of the plaintiff, under the orthodox doctrine of fraudulent concealment, and the defendant must intend to keep the plaintiff in ignorance thereof; mere silence by the defendant is not enough to make out fraudulent concealment; there must be some conduct or acts of the defendant which are fraudulent or unconscionable,—mere negligence will not constitute equitable fraud; and the plaintiff must show reasonable diligence in bringing suit after the alleged estoppel has expired, if it does expire: La Porte v. United States Radium Corp. (1935), 13 F Supp 263. "To lull" the plaintiff, as here used, means intentionally to disarm him, or lure him, or beguile him into a position or situation in order for the defendant to gain an advantage by reason thereof: Application of Trimont Clothing Co. (1952), 112 NYS2d 814. Merely continuing the plaintiff's salary, permitting him to continue work at other stores of the defendant, giving him a promotion, increasing his salary, continuing his salary, though he sometimes performed no services, almost up to the end of the limitations period, giving him part time work after the expiration of the limitations period, and asking him later to resign, at which time he did not mention any claim against the defendant, do not constitute such an estoppel against the defendant: Mescall v. W. T. Grant Co. (1943), 133 F2d 209, CCA, 7th, cert den 319 US 759, 87 L Ed 1711, reh den 320 US 214, 87 L Ed 1851.

Further, a defendant is not estopped to raise a limitations point because of any alleged "lulling" of the plaintiff into inaction until after the limitation period where the "lulling" period, if there was any, expired

months before the statute barred the action and where there was ample time and opportunity for the plaintiff to avail of any legal rights he has: Glennan v. Lincoln Inv. Corp. (1940), 110 F2d 130. There is no estoppel where the defendant never acknowledged the correctness of the plaintiff's claim, or that it owed anything, or that it would pay anything, and where the most that can be said is there were negotiations looking toward an amicable settlement, but the defendant did not actually induce the plaintiff not to sue, and where, after it became evident the claim probably would not be recognized, the plaintiff still had ample time and opportunity to bring suit before the bar of the statute fell: Howard University v. Cassell (1941), 126 F2d 6, cert den 316 US 675, 86 L Ed 1749, reh den 316 US 711, 86 L Ed 1777.

Compliance with the three years limitations period for suit is a condition precedent to recovery by the plaintiff,—it was incumbent on him to allege that his action is brought within the time limited,—that three years period is a condition of the liability created by the statute. The alleged cause of action for the alleged injury accrued thereunder on the day,—August 1, 1955,—the plaintiff's decedent, Clarence Walker, was injured,—that was the day the alleged accident or occurrence took place,—that was the time when the events occurred which determined, if at all, that the defendant carrier was liable,—that was the time his interest was allegedly invaded. The defendant's alleged breach of duty through the alleged negligence of its other employee in throwing the crowbar in the direction of Walker, causing it to strike his left foot, caused Walker to suffer pain then, the invasion of his interest was manifest as soon as it occurred, and he had a ripe cause of action then, if at all. The mere fact, if it be an alleged fact, that the extent of the damage may not have been immediately manifest does not postpone the accrual of the cause of action. The nature of this

275

alleged injury was such that it allegedly manifested itself immediately, and Walker allegedly was aware of his condition and the alleged wrongful act which caused it almost from the instant the alleged injury was inflicted,—his foot was greatly injured,—following the injury he had pain in his left foot,—on the day of the injury he reported it to the defendant,— from time to time after August 1, 1955 he complained to the defendant of pain in his left foot,—the defendant immediately after the injury sent him to its doctor. This was not some injury with no sensory symptoms or immediate effects, nor was it some occupational disease occurring gradually or insidiously or almost without notice. He may, allegedly, have not then known the full extent of his disability but he was in no doubt that he was injured. The alleged cause of action accrued then,—August 1, 1955,—not at some later time,—May 2, 1958, or June 13, 1958,—when the alleged damage was developed or became more definite or the full extent of the injury was first learned or when Walker was disabled from working.

■ It cannot be said from the well pleaded allegations of factual matters in the second amended complaint,—omitting alleged conclusions, opinions, and argumentative matter,—that the defendant is equitably estopped to raise the matter of limitations. This is not an action for damages for some industrial disease allegedly contracted by Walker while working for the defendant. There is no allegation the defendant ever represented to Walker he had 4, or 5, or 6, or more years in which to sue,—or represented or said anything on that subject,—and Glus v. Brooklyn Eastern Dist. Terminal, supra, one of the principal cases relied upon by the plaintiff, is inapplicable to the allegations here concerned. None of the alleged acts of the defendant were of such a character as to prevent inquiry by Walker or to elude investigation by Walker

276

or to really mislead Walker. He knew he had pain. He knew he was physically injured. He was not legally ignorant of the existence of his alleged cause of action. Nor is the defendant alleged to have intended to keep Walker in ignorance thereof. Its mere silence,—if that is a reasonable inference from the allegations,—is not enough to make out fraudulent concealment,—nor does its mere alleged negligence after the injury,—if that is a reasonable inference,—constitute equitable fraud. Merely continuing Walker's employment until May 2, 1958 does not constitute an estoppel against the defendant. There is no allegation the defendant induced Walker not to sue or to delay filing suit or hindered the commencement of suit. It is not even alleged Walker ever made a claim to the defendant for any damages for any injury. Nor is it alleged the defendant ever acknowledged the correctness (or incorrectness) of any claim, or that it owed anything, or that it would pay anything, or that there were ever any kind of negotiations pending. And, even if the allegations were to be reasonably interpreted as indicating some inducement for delay in suing or some hindrance to the commencement of suit, such had, from the allegations thereof, ceased to operate as of May 2, 1958 or June 13, 1958, before the expiration of the limitation period on August 1, 1958. The plaintiff was thereby afforded ample time after May 2 or June 13 in which to institute his action prior to the running of the limitations period and his failure to do so cannot, under these allegations, in any event be excused on the ground of equitable estoppel,—the alleged "lulling" period, if there were any, expired long before the statute barred the action and there was ample opportunity for Walker to avail of any legal rights he had before the bar of the statute fell.

In addition to Glus v. Brooklyn Eastern Dist. Terminal, supra, the principal other cases referred to by

the plaintiff on the subject of equitable estoppel of a defendant to raise the matter of limitations in a suit under the Federal Employers' Liability Act are: Scarborough v. Atlantic Coast Line R. Co. (1951), 190 F2d 935, Fravel v. Pennsylvania R. Co. (1952), 104 F Supp 84, and Toran v. New York, N. H. & H. R. Co. (1952), 108 F Supp 564. In Scarborough the claims agent of the defendant had misinformed the infant plaintiff and his father that, under the statute of limitations, the plaintiff, as an infant, could bring suit at any time within three years after attaining his majority. In Fravel it was alleged the claims agent of the defendant had informed the plaintiff, inter alia, that if any injuries should show up later as a result of the accident the defendant would compensate him for any damages so sustained, and if they were unable to agree on the amount of damages the plaintiff could bring suit against the defendant at any time. In Toran, arising on a motion for summary judgment, the plaintiff alleged he was fraudulently induced not to bring his action within the three year period by reason of false representations of fact made by the defendant to the plaintiff, but the particular allegations of fact in the plaintiff's pleadings are not otherwise set forth in the opinion, and there was no evidence at that stage from which such might be determined. Those cases are not comparable to the case at bar.

The judgment will be affirmed.

Affirmed.

SPIVEY and SMITH, JJ., concur.