Samuel E. MUMPOWER, Plaintiff,

v.

SOUTHERN RAILWAY COMPANY,
Defendant.

Civ. A. No. 66–C–108–A.

United States District Court
W. D. Virginia,
Abingdon Division.

June 20, 1967.

R. C. Shannon, Shannon & Newman, Appalachia, Va., for Samuel E. Mumpower.

Leslie M. Mullins, Greear, Bowen, Mullins, Sturgill & Roberson, Norton, Va., for Southern Railway Co.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This action being a suit under the Federal Employers' Liability Act, the court has jurisdiction over the matter. The defendant, Southern Railway Company, is a corporation engaged in operating a system of railroads within the jurisdiction of this court, including a line in and through the County of Wise, Virginia. Plaintiff was engaged in working for the defendant in Wise County, Virginia, and both parties were engaged in Interstate Commerce by rail, their duties thus being controlled by the provisions of the Federal Employers' Liability Act.

The record reveals the following basic facts: Sometime in May 1960 the plaintiff was injured in the course of his employment. Plaintiff alleges that a fellow employee negligently placed an unlit lantern on the steps on an engine. Plaintiff stepped on the lantern and by reason thereof, he fell and suffered severe injuries. Plaintiff notified his employer, the defendant, of the injury, and was directed to report to Doctor E. L. Tauxe of Knoxville, Tennessee, for the purpose of ascertaining the nature and extent of his injuries. Plaintiff further alleges that Doctor Tauxe informed plaintiff that he had suffered no injuries, other than a slight strain to his back which required no treatment, and that plaintiff should return to work. Plaintiff alleges that the back strain was actually a ruptured disc which was corrected only by surgery in August 1966. Plaintiff now prays for damages for the cost of

the surgery and hospitalization, and for the amount of income lost by reason of the injury.

Defendant denies all of the foregoing allegations except for the fact that plaintiff is an employee of defendant, and that Doctor Tauxe did examine the plaintiff in May 1960. Defendant filed an affidavit from Doctor Tauxe stating that he treated the plaintiff only for a shoulder injury. Doctor Tauxe states that plaintiff complained of a shoulder injury and did not mention any back injury. Doctor Tauxe denies that he ever told plaintiff that he suffered a slight back sprain. Defendant moved for a summary judgment on the ground that plaintiff's suit was not filed within three years of the alleged accident as required by 45 U.S.C.A. § 56. Plaintiff filed an affidavit stating that Doctor Tauxe did in fact tell plaintiff that he suffered only a slight sprain in his back. Plaintiff contends that the running of the Statute of Limitations was tolled because plaintiff relied on the statements of Doctor Tauxe that plaintiff suffered no serious injury, such statements being allegedly untrue in fact.

■ This court feels that defendant's motion for a summary judgment must be denied. The Federal Employer's Liability Act Statute of Limitations is not totally inflexible, but may be extended beyond three years. Burnett v. New York Central RR, 380 U.S. 424, 427, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). One of the well recognized exceptions which will toll the Federal Employers' Act Statute of Limitations is the doctrine of estoppel. In Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 235, 79 S.Ct. 760, 763, 3 L.Ed.2d 770 (1959), the supreme court reversed a lower court decision upholding a plea of the Statute of Limitations, and stated: "Despite the delay in filing his suit petitioner is entitled to have his cause tried on the merits if he can prove that respondent's responsible agents, agents with some authority in the particular matter, conducted themselves in such a way that petitioner was justifiably mis-

led * * *." The plaintiff in *Glus* alleged both intentional and unintentional misrepresentation, and defendant here insists that *Glus* must be limited to cases where intentional misrepresentation appears. But the court in *Glus* employed broad language applying to all cases of estoppel and did not limit its holding to intentional fraud. Moreover, the general law on the subject is stated in 24 A.L.R.2d 1413, 1435:

Actual fraud in the technical sense, bad faith, or an intent to mislead or deceive is not essential to create an estoppel against setting up the statute of limitations, it being sufficient for this purpose that the (defendant) made misrepresentations which misled the (plaintiff), who acted upon them in good faith, to the extent that he failed to commence action within the statutory period.

■ Defendant's contention that intentional misrepresentation is required to toll the Federal Employers' Act Statute of Limitations, is further rebutted in Louisville & Nashville RR v. Disspain, 275 F.2d 25 (6th Cir. 1960). In *Disspain,* the Sixth Circuit Court of Appeals upheld the District Court's instruction to the jury, which read:

The Court charges you that if you find that the representations made to plaintiff by the doctor chosen by the defendant to examine the plaintiff, were in fact misrepresentations *although unintentional* on the part of the doctor, and plaintiff failed to institute suit within three years because of such misrepresentations, such misrepresentations were sufficient to toll, that is to stop, the three-year statute of limitations. *Disspain,* supra at p. 26 (emphasis added)

The facts in *Disspain* are strikingly similar to the alleged facts in the present case. In *Disspain,* a railroad employee was injured and sent to a doctor by the railroad company. The doctor informed plaintiff that he was not seriously injured, and should return to work. In fact, plaintiff had a disintegrated disc

which required surgery. Plaintiff in *Disspain* brought his suit six years after the injury, and received a jury verdict. The court stated that, " * * * it would seem perfectly clear that the railroad ought not be permitted to take advantage of an erroneous statement made by its doctor to prevent its employee from having his day in court." *Disspain*, supra at p. 26.

The plaintiff here has alleged essentially the same facts upon which the plaintiff in *Disspain* recovered. Upon study of the pleadings and affidavits, this court feels that there remains factual questions as to the representations made to the plaintiff, all of which factual questions may be submitted to the jury at the time of trial.

Therefore, it is hereby

ADJUDGED and ORDERED

that defendant's motion for summary judgment be and hereby is denied.