[Civ. No. 37726. Second Dist., Div. Four. Sept. 17, 1971.]

FRANK GAMBOA, Plaintiff and Appellant, v.
ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY,
Defendant and Respondent.

62

## COUNSEL

David M. Epstein and Archie Dixon for Plaintiff and Appellant.

John J. Balluff, Matthew H. Witteman and Richard L. Rosett for Defendant and Respondent.

## OPINION

**DUNN, J.**—This appeal is from an order of dismissal (judgment—Code Civ. Proc. §§ 581, subd. 3, and 581d) entered after the court sustained, without leave to amend, defendant's demurrer to plaintiff's second amended complaint.[1]

Plaintiff's action was filed under the Federal Employers' Liability Act ("Railroads," 45 U.S.C.A. § 51 et seq.). The original complaint was filed January 22, 1970,[2] and the second amended complaint July 21, 1970. In this last pleading plaintiff sought damages from defendant based upon an accident alleged to have occurred November 25, 1952, during the course and scope of plaintiff's employment by defendant railroad as a shop employee. He alleged that due to defendant's negligence some equipment fell, glanced off plaintiff's head and injured him.

Plaintiff pled facts designed to raise estoppel as an issue and preclude

---

[1]Defendant's demurrer was both general and special and the trial court's minute order fails to distinguish them, merely specifying: "Demurrer sustained on the grounds stated . . . without leave to amend." Sustaining a demurrer for uncertainty, without leave to amend, may constitute an abuse of discretion (*Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 718-719 [128 P.2d 522, 141 A.L.R. 1358]) for which reason we consider only the issue raised by general demurrer.

[2]The record before us does not contain a copy of the original complaint but the filing date is agreed upon in the briefs of both parties.

defendant from successfully relying upon the statute of limitations as a defense. In this regard he alleged that, following his accident, defendant sent him to a physician who treated a small cut on plaintiff's head and sent him for observation to defendant's hospital in Los Angeles where he remained three days and was then released for work. While in the hospital, doctors there allegedly told plaintiff's wife that the cut on his head was "minimal" and would not cause plaintiff any future disability. Plaintiff alleged the doctors "misrepresented to plaintiff and plaintiff's spouse the true nature of any possible medical involvement," and plaintiff believed and relied on these misrepresentations. Plaintiff alleged he had occasional headaches after the incident and returned to the Santa Fe Hospital in 1957 or 1958 to consult defendant's doctors. His wife was alleged again to have inquired if the incident of November 25, 1952 was the cause of his headaches and "said doctors misrepresented to plaintiff his true physical condition and advised plaintiff that he did not have anything wrong with him." Plaintiff alleged he relied on said misrepresentations and believed that the incident caused no disability. In September 1967 a private physician allegedly told plaintiff "that his deteriorated physical and nervous condition was caused by the impact to his head . . . on November 25, 1952."

As a result of these misrepresentations by defendant's agents, plaintiff alleged he had no reason to believe, and did not believe, that he had any reason to see a lawyer about suing the defendant, his employer. He further alleged that defendant "frowns upon" any employee making a sham claim and that it tries to "get rid of" such employees; the misrepresentations by defendant's agents made plaintiff think that pursuit of a claim would be pursuit of a sham claim and would eventually result in his loss of employment. As a result of the facts alleged, plaintiff claims defendant is estopped from asserting that his action was barred on November 24, 1955, (three years after the incident) or on any other date.

■ It will be noted plaintiff's claim is based upon an accident allegedly occurring in November 1952, more than 17 years before he filed his lawsuit. The sole issue to determine is whether plaintiff alleged facts which, if true, were sufficient to estop defendant from relying upon the statute of limitations.

■ The statute of limitations for an action under the F.E.L.A. is three years, it being provided (45 U.S.C.A. § 56): "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." A cause of action "accrues" on the day of injury. (*Brassard* v. *Boston & Main Railroad* (1st Cir. 1957) 240 F.2d 138, 141: "The familiar rule is that if defendant commits a single

breach of duty, plaintiff's cause of action in tort ordinarily accrues at the time his interest is invaded.")

■ An estoppel by conduct or misrepresentation, also called an "estoppel in pais," is an equitable doctrine uniformly recognized as requiring proof of certain elements. The rule, with many cases cited in support, has thus been stated (28 Am.Jur.2d 640-641, Estoppel and Waiver § 35): "Broadly speaking, the essential elements of an equitable estoppel or estoppel in pais, *as related to the party to be estopped,* are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, *as related to the party claiming the estoppel,* the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice." (Italics added.)

In 31 Corpus Juris Secundum 402, Estoppel section 67, the rule is stated as follows: "To create an equitable estoppel, a false representation or concealment of material facts must be made, by a person with knowledge, actual or constructive, of the real facts, to a person without such knowledge, with the intention that it shall be acted on by the latter person, and he must so rely and act therein that he will suffer injury or prejudice by the repudiation or contradiction thereof or the assertion of a claim inconsistent therewith." (For the rule in California see: 4 Witkin, Summary of Cal. Law (7th ed. 1960), 2870-2872, Equity § 94; Witkin, Summary of Cal. Law (1969 Supp.) 1587-1588, Equity § 94; Evid. Code, § 623; 18 Cal.Jur.2d, Rev., 418, Estoppel § 7; *Granco Steel, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 191, 203 [65 Cal.Rptr. 287, 436 P.2d 287]; *Crestline Mobile Homes Mfg. Co.* v. *Pacific Finance Corp.* (1960) 54 Cal.2d 773, 778-779 [8 Cal.Rptr. 448, 356 P.2d 192]; *Gaunt* v. *Prudential Ins. Co.* (1967) 255 Cal.App.2d 18, 23 [62 Cal.Rptr. 624].)

■ The concept of equitable estoppel involves some element of fault or blame on the part of the party against whom the estoppel is asserted. (28 Am.Jur.2d 649-652, Estoppel and Waiver § 43; 18 Cal.Jur.2d, Rev., 422, Estoppel § 11; *Worthen Bank & Trust Co.* v. *Franklin Life Insurance Co.* (E.D.Ark. 1966) 260 F.Supp. 1.)

It will be noted that plaintiff in his second amended complaint did not allege, or at the time of demurrer did he request an opportunity to allege, that defendant knew or should have known of the claimed severity of plaintiff's injury; that defendant either negligently or intentionally concealed or misstated any such knowledge; or that defendant induced plaintiff not to file his lawsuit. In *Reat* v. *Illinois Central Railroad Company* (1964) 47 Ill.App. 2d 267 [197 N.E.2d 860] an action was brought under the F.E.L.A. The appellate court sustained the trial court's dismissal of plaintiff's second amended complaint on the ground that the statute of limitations had run and an estoppel was not sufficiently pleaded. It was there alleged that an employee's foot was injured August 1, 1955. The complaint was not filed until July 26, 1960. Plaintiff alleged that on the day of his injury he complained to defendant of pain and was sent to defendant's doctor who had advised him there was nothing wrong with him or his left foot or the bones therein and that his examination of the foot was negative. The employee continued at work until May 2, 1958 when he was unable to continue. On June 13, 1958 his left leg was amputated. He alleged that the acts of defendant's doctors in "wrongfully advising [him] that he was without injury, when the injury was apparent to them, amounted to a fraud in law which tolled the running of the statute . . . and the defendant is estopped to assert the statute." The appellate court held the pleading insufficient to estop the defendant from asserting the statute, noting, as to plaintiff, (p. 866): "He may, allegedly, have not then known the full extent of his disability but he was in no doubt that he was injured. . . . He knew he had pain. He knew he was physically injured. He was not legally ignorant of the existence of his alleged cause of action. Nor is the defendant alleged to have intended to keep [the employee] in ignorance thereof. . . . There is no allegation the defendant induced [the employee] not to sue or to delay filing suit or hindered the commencement of suit. . . . The plaintiff was thereby afforded ample time . . . in which to institute his action prior to the running of the limitations period and his failure to do so cannot, under these allegations, in any event be excused on the ground of equitable estoppel. . . ." The court distinguished *Glus* v. *Brooklyn Eastern District Terminal* (1959) 359 U.S. 231 [3 L.Ed.2d 770, 79 S.Ct. 760], relied upon by the plaintiff here, and noted approvingly the case of *Deer* v. *New York Cent. R. Co.* (7th Cir. 1953) 202 F.2d 625 a case factually somewhat similar to our own, although not involving an estoppel.

Plaintiff-appellant herein places a great deal of reliance upon *Louisville & Nashville Railroad Company* v. *Disspain* (6th Cir. 1960) 275 F.2d 25. In that case judgment was entered on a verdict for plaintiff and defendant appealed. The judgment was affirmed. There, the plaintiff had filed an

action under the F.E.L.A. more than three years after it accrued. Plaintiff claimed he had been misled by a statement of defendant railroad's doctor to the effect that there was nothing wrong with him and that he should return to work; he relied on the doctor's statement and returned to work and did not bring his lawsuit until more than six years after his accident occurred. The trial judge submitted the issue as one of fact to the jury under an instruction, advising the jury in part, (p. 26): " '. . . that if you find that the representations made to plaintiff by the doctor chosen by the defendant to examine the plaintiff, were in fact misrepresentations although unintentional . . . and plaintiff failed to institute suit within three years because of such misrepresentations, such misrepresentations were sufficient to toll, that is to stop, the three-year statute of limitations. . . .' "

The defendant's sole ground for appeal was claimed insufficiency of the evidence to sustain the verdict. Contrary to this contention, the evidence was held to be sufficient. The evidence showed that X-rays taken by defendant's doctor in 1952 revealed that plaintiff actually had a disc involvement in his back, thus disclosing that the doctor either had actual knowledge, or should have had knowledge, of the true condition of plaintiff's back. The evidence thus neatly fills the requirement that there be some fault or blameworthy conduct on the part of the party to be estopped so that the case is not an authority supporting appellant here.

Not only was claimed insufficiency of the evidence the sole ground of appeal, but the propriety of the instruction would not, in any event, have been open to the appellate court's consideration. Thus, the opinion specifically noted that "no exception was taken to the instructions" and Federal Rules of Civil Procedure (28 U.S.C.A. rule 51) provide in part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." While "formal" exceptions no longer are necessary under rule 46 of the federal rules (28 U.S.C.A. rule 46), it has been held that rules 46 and 51 must be read together and that the trial judge must, in some way, be advised of claimed error in his instructions so that he will have an opportunity to correct them before the jury retires. (*Williams* v. *Powers* (6th Cir. 1943) 135 F.2d 153, 156.) A failure to object to an instruction relieves an appellate court of the obligation to review claimed error in it. (*Gillentine* v. *McKeand* (1st Cir. 1970) 426 F.2d 717, 723; *Koninklijke Luchtvaart Maatschappij N.V. KLM* v. *Tuller* (1961) 292 F.2d 775, 785 [110 App.D.C. 282]; *Baldwin* v. *Fidelity Phenix Fire Insurance Co. of N.Y.* (6th Cir. 1958) 260 F.2d 951, 954-955; 5 Moore's Fed. Practice, 2d ed., p. 2507, par. 51.04.)

Later federal cases relying upon the instruction given in *Disspain* fail to note that its correctness was not questioned on appeal and that the court was in no position to approve or disapprove of it. One such later case, relied upon here by appellant, is *Mumpower* v. *Southern Railway Company* (W.D.Va. 1967) 270 F.Supp. 318. Appellant also relies upon *Brooks* v. *Southern Pacific Company* (1970) 105 Ariz. 442 [466 P.2d 736]. That case involved a motion for summary judgment, the moving plaintiff successfully contending that his mental incompetence tolled the statute during the period of his incompetence. As such, it does not assist appellant here.

Appellant here also relies upon general language appearing in *Glus* v. *Brooklyn Eastern District Terminal, supra,* 359 U.S. 231. That case is not in point. The defendant railroad there argued that, because the limitation period was contained in the same act which created the right being limited, the time period therefore was substantive and not procedural and an F.E.L.A. right of action expired at the close of three years. The Supreme Court held otherwise; it concluded that the right of action was not lost and that estoppel could operate to defeat a defense based on the statute of limitations.

Another case relied upon herein by appellant is *Burnett* v. *New York Cent. R. Co.* (1965) 380 U.S. 424 [13 L.Ed.2d 941, 85 S.Ct. 1050] but it also is not in point. In that case, a plaintiff began a lawsuit in the state court of Ohio. That court dismissed the action; eight days later plaintiff filed an identical suit in the federal district court. The filing in the federal court was more than three years from the day the cause of action accrued. The Supreme Court merely held that the period during which the state court action was pending tolled the F.E.L.A. period of limitations.

The procedure for testing the sufficiency of a plaintiff's allegations in a state court action, filed under the F.E.L.A., is the law of the state where the suit is brought. (*Central Vermont R. Co.* v. *White* (1915) 238 U.S. 507 [59 L.Ed. 1433, 35 S.Ct. 865].) In California, a complaint which shows on its face that a cause of action is barred by the statute of limitations is subject to demurrer. (*Williams* v. *International Longshoremen's & Warehousemen's Union* (1959) 172 Cal.App.2d 84, 87 [341 P.2d 729].) And where a plaintiff relies on estoppel against a defense appearing on the face of a complaint, the sufficiency of his allegations of estoppel may be tested by a general demurrer. (*Fleishbein* v. *Western Auto S. Agency* (1937) 19 Cal.App.2d 424, 427-429 [65 P.2d 928].)

We conclude that the failure of plaintiff to allege the necessary

elements of an estoppel as recognized by nearly all jurisdictions, including federal courts, was fatal to his lawsuit and the trial court properly sustained the demurrer to his cause of action which had accrued more than 17 years beforehand.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.