**Leonard J. FELIX, Plaintiff,**

v.

**BURLINGTON NORTHERN INC.,
Defendant.**

No. 4–72 Civ. 60.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 23, 1973.

Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman, by S. Charles Sorenson, Jr., Minneapolis, Minn., for plaintiff.

Kurt W. Kroschel, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

This action is brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for personal injury damages. The complaint alleges the following facts. In May of 1962 in the course of his employment by defendant, plaintiff fell from a moving railroad car and collided with a "stop board", an upright 4 x 4 post, alongside the track on which the car was moving. At the time of plaintiff's accident the stop board had no function. Previously it had been used as a warning device for certain types of trains at a nearby switch. Plaintiff suffered injuries to his ankles and a laceration on his head. That same day he was taken to a doctor who x-rayed the ankles and found no broken bones. The seriousness of the laceration was discounted. It appears from interrogatories and depositions that he had no other complaint except that the day following the accident and examination his head, neck and shoulder were stiff and sore. Plaintiff went back to work three days later. It further appears that after that time, upon intermittent occasions plaintiff noted "sensations" which were apparently buzzing noises in his head and moments when he felt weak. Nonetheless he continued to work steadily until January 19, 1970 when he suffered a grand mal epileptic seizure. Defendant has refused to employ him and he has not worked at other employment. Plaintiff alleges that he was never apprised of the true extent of his injuries and that he did not have an opportunity to determine their extent himself and further contends that the grand mal seizure he suffered on January 19, 1970 was the result of the accident in May 1962. He further alleges that defendant's conduct amounted to a fraudulent concealment of his cause of action.

Jurisdiction of this court is properly invoked under 45 U.S.C. § 56. The case is presently before the court on defendant's motion for summary judgment based on the statute of limitations and on plaintiff's cross-motion for partial summary judgment on the same grounds.

In addition to devolving jurisdiction upon this court Section 56 also provides for a three year statute of limitations "from the day the cause of action accrued." The parties dispute the time of the accrual of the cause of action. Plaintiff contends that his claim accrued only on discovering the complete extent of his injuries on January 19, 1970. In support of that argument he cites no cases which are applicable. Reat v. Illinois Central R. R., 47 Ill.App.2d 267, 197 N.E. 2d 860 (1964), does not support plaintiff's position; in fact it appears to the court to be in direct opposition. The *Reat* court stated that under the Federal Employers' Liability Act a cause of action accrues on the day of the accident regardless of whether the full extent of the injury is known at the time. The decision in Hetman v. Fruit Growers Express Co., 200 F.Supp. 234 (D.N.J. 1961), was based entirely on the sufficiency and timeliness of filing the complaint; the date of accrual of the action was not in issue at all. The *Reat* reasoning is also applied in the Federal courts. In Deer v. New York Central R. R., 202 F.2d 625 (7th Cir. 1953), the plaintiff was struck on the head and suffered loss of hair and seizures. He then returned to work for four years and complained only of headaches. After the statute of limitations had run, a completely disabling brain tumor was discovered. The court held the claim barred by the statute of limitations. Under such similar

facts this court is compelled to come to the same conclusion.

There is a distinction in the effect of the statute of limitations between industrial diseases and industrial accidents. Where the events which give rise to symptoms of injury can be discerned on the day of occurrence, the statute runs from that date regardless that the full extent of the injury or its complications are not known at the time. Young v. Clinchfield R. R., 288 F.2d 499 (4th Cir. 1961). *Cf.* Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), (industrial disease, silicosis, does not commence running of the statute until it is diagnosed). Neither is the court impressed by plaintiff's analogies to cases decided under the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 et seq. A Supreme Court decision in 1952 reconciled the interpretation of that statute with that of the FELA. Pillsbury v. United Engineering, 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952).

Plaintiff also contends that he was never fully apprised of the seriousness of his injury, never had an opportunity to ascertain its full extent himself and relied on representations of defendant's doctors which all resulted in fraudulent concealment of his cause of action. It is clear that where plaintiffs have acted or failed to act in reliance on defendant's misrepresentations and have been prejudiced as a result, the courts will not interpret the statute of limitations in FELA cases to be so rigid and unyielding as to allow a defendant to benefit by his own wrong. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Louisville and Nashville R. R. v. Disspain, 275 F.2d 25 (6th Cir. 1960); Mumpower v. Southern R. R., 270 F. Supp. 318 (W.D.Va.1967); Fravel v. Pennsylvania R. R., 104 F.Supp. 84 (D. Md.1952). However, in this case plaintiff's conduct does not meet the tests of the cited case. It is clearly stated in his deposition (p. 47 et seq.) that he did not rely solely on the opinions of defendant's doctors but consulted his own physi-cian about the "sensations" he experienced following the accident. He testified that "some tests" were taken in connection with the "sensations" about a year prior to the seizure upon which he bases this cause of action but that no problems were discerned. It does not seem appropriate to the court to prejudice defendant for allegedly concealing an injury which an uninterested doctor could not discover quite later. In addition, the *Reat* court noted that even when a plaintiff employee had been maintained on the payroll, promoted and even given a pay increase—all in exchange for little or no services—the doctrine of fraudulent concealment was not to be applied. That doctrine has no application here.

If the document appeared in the record the court would be required to consider the effect of a release purportedly signed by plaintiff. Plaintiff does not contest defendant's allegations of its existence nor the equity of its provisions. However, the court does not rely on it to reach the conclusion that plaintiff's cause of action must be barred by the statute of limitations. Judgment will be entered pursuant to Rule 56 of the Federal Rules of Civil Procedure since it appears that there are no material issues of fact to be resolved.