**Willie Lee JACKSON, Plaintiff,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant.**

**Civ. A. No. H-81-877.**

United States District Court,
S. D. Texas,
Houston Division.

Feb. 12, 1982.

---

Harry C. Arthur, Houston, Tex., for plaintiff.

Roger T. Minor, Houston, Tex., for defendant.

## ORDER

McDONALD, District Judge.

Pending before the Court is defendant's Motion for Summary Judgment requesting this Court to enter summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Jurisdiction is properly invoked pursuant to the Federal Employers' Liability Act (hereinafter "FELA" or "Act") 45 U.S.C. § 51 et seq. The defendant has moved for summary judgment against the plaintiff on the basis of the affirmative defense of statute of limitations. The defendant contends that the pleadings filed herein demonstrate that there is no genuine issue as to any material fact necessary to establish the plaintiff's causes of action, and that the defendant's affirmative defense of statute of limitations is established "as a matter of law" by the pleadings. Accordingly, the defendant con-

tends it is entitled to judgment as a matter of law. Plaintiff relies on the doctrine of equitable tolling in asserting that defendant, by virtue of his misrepresentations of fact, is estopped from asserting the affirmative defense of statute of limitations. Upon full consideration of the record in this case, it is the opinion of the Court that the movant's Motion for Summary Judgment should be DENIED.

A litigant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980). See also generally Wright & Miller, Federal Practice & Procedure, §§ 2725–2728. Conversely, summary judgment is inappropriate where there exists a genuine issue as to any material fact. See Keiser, supra. The district court must consider all the evidence before it; summary judgment can be entered only "if everything in the record—pleadings, depositions, interrogatories, affidavits, etc., demonstrate that no genuine issue of material fact exists." Keiser, supra, 614 F.2d at 410 (emphasis in original). Moreover, a "[s]ummary judgment may be granted only when the moving party has established his right to judgment with such clarity that the non-moving party cannot recover (or establish the defense) under any discernible circumstance." Everhart v. Drake Management, Inc., 627 F.2d 686 (5th Cir. 1980).

Defendant has failed to persuade the Court that no triable issues of material fact exist regarding the existence of an alleged agreement waiving the applicable statute of limitation. Indeed, in opposition to defendant's motion for summary judgment, plaintiff has submitted evidence which permits a reasonable inference that such an agreement existed: i.e., in his affidavit, plaintiff states that defendant (or its agent) guaran-

teed that Mr. Jackson would be compensated for his injuries; Jackson was told "not to worry, he merely had to wait," compensation for his injuries would be forthcoming. Consequently, a reasonable inference remains that the applicable statute of limitation ran because of these purported assurances. However, defendant contends that no guarantee of compensation was made: defendant submitted an affidavit stating that Mr. Engbrock, a District Claims Agent, knew of "no agreement extending the applicable statute of limitation." Both affidavits provide conflicting evidence. That District courts cannot resolve factual disputes by weighing conflicting evidence in considering a motion for summary judgment is beyond peradventure. *Farbwerke Hoeschst A. G. v. M. V. "Don Nicky"*, 589 F.2d 795, 798 (5th Cir. 1979). To the extent that conflicting evidence exists from which a reasonable fact finder might conclude that grounds for equitable estoppel exist, the Court concludes that summary judgment is inappropriate.

The Court further finds that assuming the above facts are true, defendant is not entitled to judgment solely as a matter of law.

The landmark decision with regard to suspension of the three year statute of limitations through equitable tolling was rendered by the Supreme Court in *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Legislatively directed limitations of actions, wrote Justice Goldberg, serve a policy of "repose and essential fairness to the defendant's which is frequently outweighed ... where the interests of justice require vindication of the plaintiff's rights." 85 S.Ct. at 1055; *see Tillery v. Southern Rwy. Co.*, 348 F.Supp. 9 (E.D.Tenn.1971). This equitable tolling precept was enunciated by the Supreme Court in another historic FELA case, and was grounded in the aphorism of equity that "no man may take advantage of his own wrong." *See Glus v. Brooklyn Eastern Distr. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959).

In the instant case, plaintiff claims defendant is taking advantage of its *own* wrong, namely, claiming the affirmative defense of statute of limitations while having caused the running of the statute of limitations. It is well established that federal courts may provide equitable relief where a party has induced the plaintiff into forgoing the filing of suit through misrepresentation of fact. A defendant's own involvement in a misrepresentation that leads to a plaintiff's being time-barred will estop it from raising the defense of prescription. *See Louisville & Nashville R. Co. v. Disspain*, 275 F.2d 25 (6th Cir. 1960); *Mumpower v. So. Rwy. Co.*, 270 F.Supp. 318 (W.D.Va.1967); *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 948–49 (3rd Cir. 1971); *Fravel v. Pennsylvania R.R.*, 104 F.Supp. 84 (D.Md.1952). Moreover, such representations need not be fraudulent or intentional. *See Mumpower v. So. Rwy. Co., supra.*

In this particular case, as indicated *supra*, one can infer that Mr. Jackson relied upon representations made by Southern Pacific Transportation Company, to the effect that he would be taken "care of." Because of equitable reasons, the defendant should not be allowed to rely upon the three year statute of limitations. Thus, the Court finds these factual circumstances militate against the granting of summary judgment.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that defendant's Motion for Summary Judgment is DENIED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.