442 A.2d 300

Thomas E. SNYDER a/k/a E. T. Snyder, a/k/a Earl T. Snyder, and Pauline M. Snyder, his wife

v.

PENN CENTRAL TRANSPORTATION COMPANY and George Pierce Baker, Willard Wirtz, Jervis Langdon, Jr., and Richard C. Bond, Trustees of the property of Penn Central Transportation Company, and John F. Connole, M. D. and Merl F. Kimmel, M. D.

Appeal of PENN CENTRAL TRANSPORTATION COMPANY.

Superior Court of Pennsylvania.

Argued April 30, 1981.

Filed Feb. 26, 1982.

70

72

Aloysius F. Mahler, Pittsburgh, for appellant.

John Daley, Pittsburgh, for appellees.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that appellee's claim was barred by the applicable statute of limitations and by his signing a release. We disagree and, accordingly, affirm the court below.

On October 3, 1956, appellee, Thomas Snyder, was injured when a metal object struck him in his right eye while he was employed by appellant's predecessor, Pennsylvania Railroad. A company ophthamologist, Doctor Connole, treated appellee for five weeks, then told him by letter that he was "now regarded as cured without complications." Appellee returned to work. On January 22, 1957, in consideration of $350, appellee released appellant from liability for the October 3, 1956 incident. Beginning late in 1957, appellee intermittently experienced intense pain and vision problems in his right eye, requiring him occasionally to wear an eye patch. In 1960, appellee consulted a second company ophthamologist, Doctor Kimmel, who diagnosed appellee as having a cataract in his right eye and began treatment. Despite the treatment, by 1962 appellee was blind in his right eye, and appellant placed him on permanent disability status. Appellee continued to receive cataract treatment from Dr. Kimmel until 1971. On January 10, 1974, another company doctor examined appellee and informed him that his cataract had apparently vanished. Appellee then consulted a private ophthamologist who diagnosed appellee as having glaucoma caused by a dislocated lens. On May 6,

1975, during an unsuccessful operation to remove the dislocated lens, his then ophthamologist discovered and removed a foreign object from appellee's eye. Appellee's eye was subsequently removed on October 28, 1975, and he was later fitted with an artificial eye.

Appellee commenced this action on September 30, 1976 by filing a complaint against appellant under the Federal Employers' Liability Act [hereinafter F.E.L.A.], 45 U.S.C.A. § 51 *et seq.* Appellant answered that appellee's claim was barred by the applicable statute of limitations and by the release. At trial, appellee introduced testimony relating the dislocation of the lens and the presence of the foreign object to the October 3, 1956 incident. He also introduced testimony that the company doctors had: (1) in 1956, misinterpreted a spot on an X-ray and a rust ring on his eye showing the presence of a foreign object; (2) in 1956 and 1957, misstated his condition by telling him he was "cured without complications;" and (3) in 1960, misdiagnosed his eye condition as cataracts. The lower court submitted to the jury the questions of whether the statute of limitations had been suspended by the doctors' alleged misrepresentations and whether the release was invalid due to a mutual mistake of fact. The jury returned a general verdict of $67,000 for appellee. The lower court en banc denied appellant's motion for judgment n. o. v. and entered judgment for appellee. This appeal followed.

 Appellant contends that appellee's action was barred by the statute of limitations. We disagree. In a F.E.L.A. case, federal rather than state law governs questions as to the running or tolling of the statute of limitations. *See Burnett v. New York Central Railroad*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1956) (national uniformity a Congressional purpose). *See generally* Annot., 16 A.L.R.3d 637 (1967) (F.E.L.A.—Tolling Limitations). Under the F.E. L.A. "[n]o action shall be maintained . . . unless commenced within three years from the day the cause of action accrued." 45 U.S.C.A. § 56. For a traumatic injury the cause of action accrues on the day the injury is sustained, even

though the full extent or seriousness of the injury is not ascertained until a later date. *Fletcher v. Union Pacific Railroad*, 621 F.2d 902, 906 (8th Cir. 1980), *cert. denied* 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981). However, the statute of limitations may be equitably tolled when doing so would effectuate Congress' "humane and remedial" purposes. *Burnett v. New York Central Railroad, supra* 380 U.S. at 427, 85 S.Ct. at 1054, 13 L.Ed.2d at 945. *See Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). An employer "is equitably estopped from asserting the statute of limitations as a defense if misrepresentations by either it or its agent caused the employee's failure to bring his action within the three-year period." *Fletcher v. Union Pacific Railroad, supra* at 906, citing *Fravel v. Pennsylvania Railroad*, 104 F.Supp. 84 (D.Md.1952). Mistaken advice from a company doctor regarding the employee's medical condition may constitute such a misrepresentation as to toll the statute of limitations. *Louisville & Nashville Railroad v. Disspain*, 275 F.2d 25 (6th Cir. 1960) (misdiagnosis of back problem); *Mumpower v. Southern Railway*, 270 F.Supp. 318 (W.D.Va.1967) (same). Even if the misstatements were unintentional, the better view is that the employer is equitably estopped from asserting the statute of limitations because it may not "take advantage of an erroneous statement made by its doctor to prevent its employee from having his day in court." *Louisville & Nashville Railroad v. Disspain, supra* at 26. *Accord Fletcher v. Union Pacific Railroad, supra; Mumpower v. Southern Railway, supra. See also Holifield v. Cities Service Tanker Corp.*, 421 F.Supp. 131 (E.D.La.1976), *aff'd mem.*, 552 F.2d 367 (5th Cir. 1977); *Tillery v. Southern Railway*, 348 F.Supp. 9 (E.D.Tenn.1971).[1] The employee

1. *But see Felix v. Burlington Northern, Inc.*, 355 F.Supp. 1107 (D.Minn.1973) (alternate holding) (court would not prejudice employer for allegedly concealing injury which disinterested doctor could not discover later); *Gamboa v. Atchison, Topeka & Santa Fe Railway*, 20 Cal.App.3d 61, 97 Cal.Rptr. 471 (1971) (some element of fault essential to estoppel); *Reat v. Illinois Central Railway*, 47 Ill.App.2d 267, 197 N.E.2d 860 (1964) (mere negligence in diagnosis does not toll statute of limitations).

must in fact rely on the misrepresentation. *Holifield v. Cities Service Tanker Corp., supra; Felix v. Burlington Northern, Inc.*, 355 F.Supp. 1107 (D.Minn.1973) (independent medical advice); *Tillery v. Southern Railway, supra* (independent legal advice). Even if the employer's misstatements lull the employee into some delay, the employer will not be estopped if the employee later discovers the misrepresentation, but nevertheless allows the cause to remain in repose for a substantial period without justifiable excuse. *Fletcher v. Union Pacific Railroad, supra* (estoppel removed after correct diagnosis); *Holifield v. Cities Service Tanker Corp., supra* (statute runs from time of injury to misrepresentation, then continues after employee disabused of it).

■ Only five weeks passed between appellee's injury and Dr. Connole's report that appellee's eye had "cured without complications." The jury could reasonably have concluded that the doctor's emphatic misstatement was still lulling appellee into a justifiable belief that his intermittent eye problems beginning in late 1957 were unrelated to the October, 1956 injury. Doctor Kimmel's misdiagnosis of cataracts in 1960 further precluded appellee's commencing this action. Appellee was not disabused of the misdiagnoses until January 10, 1974, and then he acted promptly to commence this action.[2] Because appellee did not delay for any substantial period without justifiable excuse, appellant is estopped from asserting the statute of limitations.

■ Appellant contends also that appellee's claim was barred by the release signed on January 22, 1957. We disagree. The validity of a release in a F.E.L.A. action is to be determined by federal law. *Dice v. Akron, Canton & Youngstown Railroad*, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed.2d 398 (1952). A release of such a claim may be set aside upon

2. Appellee's action is timely regardless of whether the statute of limitations began to run again on January 10, 1974, when the cataracts diagnosis was discredited, or on May 10, 1975, when he received a positive alternate diagnosis, or at some intermediate time.

the showing of a mutual mistake of present fact at the time of the release. *Taylor v. Chesapeake & Ohio Railway*, 518 F.2d 536 (4th Cir. 1975); *Fournier v. Canadian Pacific Railroad*, 512 F.2d 317 (1st Cir. 1975); *Wooten v. Skibs A/S Samuel Bakke*, 431 F.2d 821 (4th Cir. 1969). Though a mistake as to a future fact is insufficient to avoid a release, *Edwards v. Western & Atlantic Railroad*, 552 F.2d 137 (5th Cir. 1977) (expected course of healing); *Heston v. Chicago & North Western Railway*, 341 F.Supp. 126 (N.D.Ill.1972) (future effect of injury known at time to be permanent, painful, and serious); *Robles v. Trinidad Corp.*, 270 F.Supp. 570 (S.D.N.Y.1966) (future effect of known condition), a mistake as to the present nature of the injury will be grounds for avoiding it. *Robertson v. Douglas Steamship Co.*, 510 F.2d 829 (5th Cir. 1975), rehearing denied, 515 F.2d 510 (legal distinction analogous to medical difference between diagnosis and prognosis). Whether the employee received independent legal or medical advice, and his ability to understand the release, are additional factors in determining its validity. *See, e.g., Robertson v. Douglas Steamship Co., supra* (uncounseled); *Fravel v. Pennsylvania Railroad, supra* (employer-sponsored medical advice). Questions concerning the type or existence of mistake may be submitted to the jury. *Louisville & Nashville Railroad v. Disspain, supra.* The evidence indicates that when appellee signed the release in January, 1957 both he and the company doctor were unaware that he presently had a foreign object retained in his right eye. The company doctor had advised him that he suffered no complications from the October incident. Appellee had no independent legal or medical advice and he is functionally illiterate. Under these circumstances the jury could properly infer the existence of a mutual mistake of present fact invalidating the release. Accordingly, the lower court did not err in entering judgment upon the jury's verdict.

Affirmed.