Leonard H. BURST and Dorothy Burst, husband and wife; James Davis and Douetta Burst Davis, husband and wife; William Haag; Frank J. Rebholz; Russell Haag; Leonard Burst, Jr.; Dr. I. Charles Barrale; Charles Rallo; Fred W. Haag; Josef Gal and Thomas B. Curtis, Appellants,

v.

ADOLPH COORS COMPANY, a Colorado Corporation, Appellee.

No. 80–1742.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1981.

Decided June 10, 1981.

---

Thomas B. Curtis, Kenneth M. Romines, Leland B. Curtis, Clayton, Mo., for appellants.

Kohn, Shands, Elbert, Gianoulakis & Giljum, Alan C. Kohn, Terry Lueckenhoff, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and BECKER,* Senior District Judge.

PER CURIAM.

Pursuant to its decision to begin distributing its beer in Missouri, Adolph Coors Company, a Colorado corporation, created a distribution plan which divided Missouri into thirteen separate geographical areas. In August of 1977 Coors released news reports requesting any person interested in becoming a Coors distributor to write the company requesting an application. Coors mailed formal applications and copies of Coors' "Basic Distributor Selection Guidelines" to the plaintiffs, represented principally by Leonard H. Burst, and approximately 1600 other prospective applicants. Three hundred seventy-nine applications were completed and returned to Coors of which thirty-five, including Burst's, were for the Area No. 10 distributorship. Burst was one of four applicants selected for a field interview for Area No. 10 and the only one asked to Coors' headquarters for an in-house interview. However, on February 7, 1978, Burst received a letter notifying him that his application to become a Coors distributor had been rejected. Coors found none of the original applicants for Area No. 10 satisfactory and did not award the distributorship to any of them. Instead, Coors had Coors Distributing Company, a subsidiary, handle the distribution of its products until a suitable applicant could be found. Finally, in early 1979 Coors awarded United City Distributors, which had not been one of the original thirty-five applicants, the distributorship for a part of original Area No. 10. Coors Distributing Company retained the remainder.

* William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation.

Burst thereafter filed suit based upon allegations of promissory estoppel and unjust enrichment.[1] Coors moved for summary judgment. The district court, D.C., 503 F.Supp. 19, sustained the motion, from which Burst appeals.

■ Count I of Burst's complaint alleges that he relied on Coors' published distributor selection guidelines to his detriment when Coors failed to comply with the guidelines. The first essential element of promissory estoppel is that the defendant has made a binding offer in the form of a promise. *Debron Corporation v. National Homes Construction Corporation*, 493 F.2d 352, 357 (8th Cir. 1974). The district court viewed Coors' selection guidelines as an invitation to interested persons to submit applications to be considered for a Coors distributorship and not an offer to form a distributorship contract. The court found that the only express promise Coors made in the guidelines was to give each application "fair and equal consideration." The district court correctly held that Coors made no promise which Burst could reasonably interpret to be an offer and on which he could reasonably rely.

■ Burst's Counts II and III allege that Coors was unjustly enriched by the information contained in his application. Count II alleges that because of Burst's application Coors "became aware for the first time of the advantageous market and profitability potential of Area No. 10," which induced Coors to keep the area for itself. Count III alleges Coors appropriated for its own use and benefit the "market, demographic, and financial projections relating to the operation of a distributorship in Area No. 10" contained in Burst's application. In an affidavit filed in support of the motion for summary judgment, Peter Coors, Senior Vice-president of Sales and Marketing, affirmed that the information in Burst's application was of no use or value to Coors and that the only use made of the information was in considering Burst's application. Burst has not presented specific facts challenging the truthfulness of the statements in Peter Coors' affidavit. When a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial. Fed.R.Civ.P. 56(e). *See Lyons v. Board of Education of Charleston*, 523 F.2d 340, 346–47 (8th Cir. 1975); *Tilden Financial Corporation v. Palo Tire Service, Inc.*, 596 F.2d 604, 607–08 (3d Cir. 1979). Since Burst failed to challenge Peter Coors' affidavit, the district court correctly concluded that there was no genuine issue of fact concerning the use Coors made of the information in Burst's application. The district court properly granted summary judgment on Counts II and III because Coors could not have been unjustly enriched by information that was of no value to Coors and which it did not use.

The decision of the district court is affirmed.

---

1. On appeal, Burst asserts that the allegations in Count I make out a cause of action in fraud against Coors. However, in his memorandum in opposition to Coors' motion for summary judgment, Burst specifically said that Count I was not grounded on fraud. As a result of this statement, the district court failed to consider fraud as a theory of recovery. An appellate court will not consider an issue on which counsel took a contrary position before the trial court. *Alexander v. Town & Country Estates, Inc.*, 535 F.2d 1081, 1082 (8th Cir. 1976). Therefore, we decline to consider Burst's fraud argument.