**SCHERR CONSTRUCTION COMPANY, a corporation, Appellee,**

v.

**GREATER HURON DEVELOPMENT CORPORATION, a corporation, Appellant,**

**Meese-Peterson & Foss, Inc., a corporation.**

No. 82–1370.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1983.

Decided Feb. 25, 1983.

A. Thomas Pokela, Cadwell, Brende & Sanford, Sioux Falls, S.D., John T. Gass-

---

mann, Valley City, N.D., for appellee Scherr Const. Co.

Ron J. Volesky, Churchill, Manolis & Freeman, Huron, S.D., for appellant Greater Huron Development Corp.

John L. Morgan, Morgan, Fuller, Theeler & Cogley, Mitchell, S.D., for appellee Meese-Peterson & Foss, Inc.

Before ROSS and FAGG, Circuit Judges, and BEAM,* District Judge.

ROSS, Circuit Judge.

Greater Huron Development Corporation appeals from the order of the trial court[1] granting the appellee's motion for summary judgment in an action for breach of contract. The district court's jurisdiction was based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 (1976). The appellant is incorporated under the laws of South Dakota. The appellee, Scherr Construction Company, is incorporated in North Dakota. The amount in controversy in this action exceeds $10,000.00. Appellate jurisdiction is based upon 28 U.S.C. § 1291.

The following facts are not disputed: On July 10, 1979, the appellant, appellee, and a third party defendant, Meese-Peterson & Foss, consulting architects, were represented at a meeting in which an oral contract was formed.[2] The contract required the appellee to erect and allow the use of a temporary steel building. On July 12, 1982, Meese-Peterson & Foss sent a letter to the appellee reciting the time for performance and some of the specifications for the building. The appellee, in response to a second letter from Meese-Peterson & Foss, sent a reply letter dated July 24, 1979. This letter included more detailed specifications for the building and set as an initial base price for performance the sum of $7,600.00. Additional charges were to be added for other specified expenses. Copies of this letter were sent to Meese-Peterson & Foss and also to the president of the appellant corporation. The appellee requested the appellant's officers to sign and return the letter. There is no evidence in the record that the letters were ever signed or returned.

The appellee constructed the temporary building by August 6, 1979, and it was occupied by a non-party until January 1, 1980. Thereafter the appellee dismantled the building and returned it to North Dakota. The appellant does not argue, on appeal, that the appellee failed to fully perform the contract. The district court found that the appellant was in breach when it refused to pay $12,279.99 on January 15, 1980. The court ordered damages in that amount plus an award of interest at the legal rate.

The appellant's only argument on appeal is that it was not bound by the agreement previously discussed. The appellant describes its role in these affairs as that of interested spectator and denies that it was an actual party to the agreement. The primary argument is that Meese-Peterson & Foss was never acting as the appellant's agent, but was instead acting independently, or for a third party.

The appellee's showing in support of the motion for summary judgment included (in addition to the letters referred to above) an affidavit from Lynford Meese of Meese-Peterson & Foss. This affidavit contains the statement that the parties to this appeal did reach an agreement at the July 10, 1979 meeting and further that the letters of Meese-Peterson & Foss were intended to reduce this agreement to writing. In addition to the letters and affidavit, a series of memos prepared by Meese-Peterson & Foss and sent to the appellant were introduced. These memos advised of the project's progress and of its potential cost. Finally the appellee introduced corporate minutes from the appellant's board meeting of De-

---

* The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

2. The trial court denied appellee's motion for summary judgment against Meese-Peterson & Foss. This order was not appealed.

cember 15, 1978. The minutes show that a payment to Meese-Peterson & Foss for consulting services through 1978 was approved. These services were provided in connection with the same site and project for which the temporary building was erected.

Against this wide body of evidence, the appellant produced only the general denial of its president Jim Zurbrigen. This denial states that the appellants were not a party to the agreement made by the other defendants.

The standards governing summary judgments are well established. A motion for summary judgment "should be sustained 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Butler v. MFA Life Ins.*, 591 F.2d 448, 451 (8th Cir. 1979). Furthermore, "[w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth *specific facts* that raise a genuine issue of fact for trial." *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981) (emphasis added).

The appellant challenges only the trial court's finding that it was bound by the contract. No questions concerning a release or the appellee's performance under the contract have been raised on appeal. It follows then that if this issue is determined against the appellant, the appellee has demonstrated its right to judgment as a matter of law. Having examined all the evidence, it is our opinion that the appellee did meet the high standards for summary judgment. Extensive evidence demonstrates that Meese-Peterson & Foss was acting for the appellant when it negotiated this contract. It became the appellant's duty, once the appellee hurdled the initial barrier, to bring forward specific facts which would raise a material question for trial. The general denial of the president of the appellant corporation was not sufficient for this purpose.

For the reasons mentioned above the order of the trial court is affirmed.