**Fenton VAN WERT, et al., Plaintiffs,**

**v.**

**UNITED STATES of America, and United States Department of Interior Bureau of Indian Affairs, Defendants.**

**Civil No. 4–95–753.**

United States District Court,
D. Minnesota,
Fourth Division.

March 31, 1997.

195

MEMORANDUM OPINION AND ORDER
    DENYING DEFENDANTS' MOTION
    TO DISMISS OR FOR SUMMARY
    JUDGMENT

TUNHEIM, District Judge.

This action seeks review of the determination of the defendant Bureau of Indian Affairs, Department of the Interior (BIA), of the amount of compensation due to the heirs of White Earth Reservation allottee Charlotte Wright Dufault Van Wert pursuant to the White Earth Land Settlement Act of 1985, 100 Stat. 61, *as amended* 101 Stat. 666, codified as a note to 25 U.S.C. § 331 (WELSA). Plaintiffs claim that their compensation for the taking of the allotment of Charlotte Van Wert should not be deducted by amounts allegedly paid to her, and that the BIA was arbitrary in its determination of the acreage and the fair market value per acre of her land.

The matter is before the Court on defendants' motion to dismiss, or, in the alternative, for summary judgment. Defendants argue that plaintiffs have failed to exhaust administrative remedies, that nine of the twenty-eight plaintiffs have effectively waived claims, and that plaintiffs have otherwise failed to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons set forth below, the Court denies defendants' motion and remands the matter to the BIA.

**BACKGROUND**

WELSA provides that the BIA shall determine compensation for allottees and their heirs whose allotments were sold during the trust period without approval of the Secretary of Interior before the allottee attained the age of twenty-one. WELSA § 4(a)(2). Compensation must be equal to the fair market value of the land as of the date of transfer, less compensation actually received, plus interest. WELSA § 8(b). Compensation actually received is not subtracted where an allotment or interest was sold in any instance where there is prima facie evidence that fraud occurred. WELSA § 8(b).[1]

Charlotte Van Wert was born in 1885. She was enrolled as a member of the White

Zenas Baer, Zenas Baer & Associates, Hawley, MN, for plaintiffs.

Mary J. Madigan, Assistant United States Attorney, Office of the United States Attorney, Minneapolis, MN, for defendants.

1. Compensation actually received is also not subtracted where the allottee was under the age of eighteen years at the time of the sale, but this provision does not apply to the facts of this case.

Earth Reservation, and her ancestors included Indians and white persons. In 1907, pursuant to the Clapp Amendment, "mixed bloods" including Charlotte Van Wert were each allotted a fee simple ownership of land within the Reservation. On May 29, 1913, when Charlotte Van Wert was 18 years old, she conveyed her allotment to Joseph J. Lovin. The execution of the deed was witnessed by her stepfather, Henry LaRoque, and a notary public. The compensation paid by Lovin was $575.00. The Department of Interior did not approve the transaction. The affidavit of plaintiff Fenton Van Wert, a son of Charlotte Van Wert who was born twenty years after the sale, states that his mother often spoke about how LaRoque engineered the sale and kept all of the proceeds.

Most descriptions of the land state that it contains 77.15 acres. However, the Cushman Appraisal Company appraised the land in 1981 for the BIA and reported the allotment to have 79.90 acres.

Pursuant to WELSA, the BIA identified the heirs of Charlotte Van Wert, determined the fair market value of the land at the date of the sale as $1,073.39, deducted the $575.00 paid by Lovin, computed the interest according to the statute, and notified the heirs of its compensation determination.

The notice included a letter which was sent to all WELSA claimants and an enclosure that particularly described the determination of each individual's claim. The generic letter advised the plaintiffs of the BIA's views concerning challenges to its determination as follows:

The Act [WELSA] provides that you have the opportunity to demonstrate that the tract or interest described in the enclosure had a materially different value at the applicable date than is shown on the enclosure. Should you wish to do so, you must do so in writing, addressed to the undersigned [BIA employee] at the address shown at the outset of this notice. Your submission must explain why you believe the value was materially different on the indicated date, must be accompanied by creditable documentary evidence, and must be received by the undersigned on or prior

to 30 days from the date of this notice ... [Footnote regarding computation of time omitted.] Your submission will also render this compensation determination ineffective for the purpose of other appeal times and will result in the issuance of a new compensation determination once your evidence is evaluated.

The Act provides that any challenge to the constitutional adequacy of the compensation provisions of Section 8(a) of the Act ... may be filed only in the United States Claims Court and only within the 180 day period following the date of this notice. Should you choose to file such action, however, you will not be entitled to receive any compensation whatsoever for the taking of the lands or interests shown on the attachment or of any other lands or interests compensable under the Act, except as may be determined by the Claims Court.

Any challenge to the dollar amount shown on the enclosure may be filed only in the United States District Court for the District of Minnesota and only within the 180 day period following the date of this notice. Should you choose to file this type of action, the amount to which you are entitled will be determined by the Court.

This compensation determination will become conclusive 180 days from the date of this notice unless you choose to submit evidence of a materially different value or choose to file a challenge as described above. Should you choose to sign the enclosed acceptance of payment accepting the amount shown, plus interest as described above, and waiving all right to appeal or challenge, the determination will become conclusive immediately upon receipt of the signed acceptance.

Nine of the plaintiffs signed forms stating that they accepted the BIA's determination and waiving rights to further challenge or appeal. Plaintiffs filed this action in this Court challenging the BIA's compensation determination on two grounds. First, they contend that there is a prima facie case of fraud in the conveyance in that LaRoque defrauded Charlotte Van Wert. Second, they allege that the BIA was arbitrary in its de-

termination of the acreage and the fair market value per acre of her land.

## STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure allows certain defenses to be asserted by motion prior to the filing of a pleading at the option of the pleader. If a court does not exclude matters outside the pleadings presented on a Rule 12(b)(6), the motion must be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties must be given reasonable opportunity to present all pertinent material. Fed.R.Civ.P. 12(b). The Court converts this motion into a motion for summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not appropriate if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Summary judgment is mandated when, after adequate time for discovery and upon motion, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case, on which that party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, a court is required to view the facts in a light most favorable to the nonmoving party, and the movant has the burden of establishing that no genuine issue of material fact remains and that the case may be decided as a matter of law. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076 (8th Cir.1980). However, the nonmoving party may not merely rest upon allegations or denials in its pleadings, but it must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981).

## ANALYSIS

### I. Exhaustion of Administrative Remedies

Defendants move for summary judgment on the grounds that plaintiffs have failed to exhaust their administrative remedies. They contend that plaintiffs should have presented evidence for a different compensation determination to the BIA prior to filing this action in the District Court for the District of Minnesota.

The Administrative Procedure Act (APA) provides for judicial review of "final agency action for which there is no other adequate remedy in a court," and that:

> Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form or reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704. The Supreme Court has interpreted this literally, holding that:

> where the APA applies, an appeal to "superior agency authority" is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review. Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become "final" under [the APA].

*Darby v. Cisneros,* 509 U.S. 137, 152–54, 113 S.Ct. 2539, 2548, 125 L.Ed.2d 113 (1993) (original emphasis).

■ Under these principles, the Court can only require exhaustion if WELSA or a rule promulgated by the Department of Interior expressly requires an administrative appeal prior to judicial review. The memoranda of defendants and the notice of compensation determination only refer to one statutory provision as a basis for any requirement of further administrative action, WELSA § 8(b), which provides in pertinent part:

> For purposes of this section, the Secretary [of Interior, i.e. the BIA] shall establish the fair market value of various types of land for various years, which shall govern the compensation payable under this section unless claimant demonstrates that a particular allotment or interest had a value materially different from the value established by the Secretary.

■ WELSA § 8(b) is ambiguous as to the forum in which a claimant must challenge the BIA's fair market value determination. WELSA does not specify whether a claimant must present this challenge in an administrative appeal or in district court.

Challenges to the constitutional adequacy of the BIA's compensation determinations under WELSA must be filed in the Court of Federal Claims. WELSA § 6(d). Otherwise, WELSA provides that the BIA's "administrative determination of the appropriate amount of compensation computed pursuant to the provisions of this Act may be judicially reviewed pursuant to the Administrative Procedure Act" with exclusive jurisdiction vested in the United States District Court for the District of Minnesota. WELSA § 8(d). Any judicial review must be commenced within 180 days after notification of the compensation determination. WELSA § 8(d).

The BIA's interpretation of the statute is set forth in the generic notice sent to allottees and their heirs, including plaintiffs. That notice explains the BIA's view that a claimant must first seek administrative review of the BIA's determination of the valuation of the allotment (within 30 days of notice), that any challenge to the dollar amount the BIA proposes to pay a claimant must be filed with this Court, and that any challenge to the constitutional adequacy of the compensation may be filed only with the Claims Court.

■ The Court must give considerable weight to the interpretation of an agency regarding any ambiguity in the statute it administers. *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). The Court defers to any interpretation "based on a permissible construction." *Id.*

WELSA § 8(b) can permissibly be construed to require a claimant who disagrees with the BIA's fair market value determination to present evidence on valuation to the agency prior to suing the BIA in court. The statute clearly states that a claimant has an opportunity to present this evidence, and the ambiguity as to the proper forum can permissibly be interpreted to require administrative review. This reasonable interpretation was clearly communicated in the notice sent to claimants. After this final agency determination, judicial review of the appropriate compensation is available under WELSA § 8(d) and pursuant to the APA. This standard gives certain deference to agency determinations of factual issues, such as the determination of fair market value.

■ To this extent, the BIA's interpretation of WELSA is reasonable and entitled to deference. However, the 30 day time limit for presenting documentary evidence for administrative review has no statutory basis and is impermissible. Most claimants will be in a position similar to that of the plaintiffs in this case. They are a large group of geographically dispersed people who are distantly related to one another. It takes significant time for such a group of people to assimilate the information presented in a notice, contact one another to discuss and decide on a strategy, and select an attorney. The attorney then needs significant time to learn the relevant law, discover the facts, and obtain and submit appropriate evidence to challenge the BIA's determination. It is not reasonable to expect that all these tasks be completed in 30 days.

Consequently, the Court remands this matter to the BIA. On remand, plaintiffs shall have 90 days from the date of this Order to present evidence challenging the BIA's determination of the acreage and value of the allotment.

■ Furthermore, the Court concludes that WELSA § 8(b) cannot permissibly be interpreted to require further administrative review of evidence that an allotment sale was fraudulent or that a deduction of compensation paid during such a sale is inappropriate. The issue of whether a deduction should be made is not related to the fair market valuation, the narrow area addressed by WELSA § 8(b). On the contrary, it is an issue pertaining to the broader topic of the "appropriate amount of compensation computed" pursuant to the Act, and thus may be judicially reviewed pursuant to WELSA § 8(d) without further administrative procedures.

Nonetheless, judicial review cannot commence until the BIA finally determines the value of the allotment. Since that issue is being remanded, the Court will stay further court proceedings until the BIA completes its determination. On remand, plaintiffs are not prohibited from asking the BIA to reconsider its finding on the issue of whether there is prima facie evidence that fraud occurred which would prevent the deduction of the payment from the compensation.

## II. Waivers of Nine Plaintiffs

■ Defendants contend that the nine plaintiffs who signed waivers are barred from bringing this action because they accepted the compensation offered by defendants. These plaintiffs may have done so because they were told by the generic notice that they had only 30 days to present creditable documentary evidence that the allotment had a fair market value materially different from that determined by the BIA. Since this impermissible construction of the statute may have wrongly pressured the nine plaintiffs to waive their rights, the waivers are invalid.

## III. Failure to State a Claim

■ Defendants argue that plaintiffs have not stated a claim that the BIA was arbitrary and capricious in its failure to consider whether the sale of the allotment of Charlotte Van Wert was the product of fraud. The Court will not address the merits of that issue now because it is remanding the case to the BIA. However, it is not premature to observe that, contrary to defendants' arguments, the statute does not require that evidence of fraud be from contemporaneous documents. Rather, WELSA only requires contemporaneous public documents to show the amount of compensation actually received for the sale of an allotment. WELSA § 8(a).

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' motion to dismiss or for summary judgment [Docket No. 13] is **DENIED** and the matter is **REMANDED** to the BIA for further proceedings consistent with this Memorandum Opinion and Order.