# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1686

_____

| | | |
|---|---|---|
| Hessam Ghane, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Togo D. West, Jr., Secretary of the | * | Western District of Missouri |
| Army; Francke  C. Walberg, Corps | * | |
| of Engineers, Kansas City, Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:    November 17, 1997

Filed:    July 6, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD and MAGILL, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Dr. Hessam Ghane (Ghane) appeals from a final order entered in the United States District Court[1] for the Western District of Missouri granting summary judgment

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

in favor of Togo D. West, Jr. (appellee), the Secretary of the United States Army, on Ghane's Title VII discriminatory and retaliatory discharge claims. Ghane v. West, No. 94-0911-CV-W-4 (W.D. Mo. Feb. 7, 1997) (order granting motion for summary judgment) (hereinafter "slip op."). For reversal, Ghane argues that the district court erred in holding that (1) he has failed as a matter of law to establish a prima facie case of unlawful discrimination based on race or national origin, (2) even assuming he established a prima facie case of discrimination, there is no genuine issue of material fact as to whether appellee's legitimate nondiscriminatory reasons for discharging him are pretexts for such unlawful discrimination, and (3) he has failed as a matter of law to establish a prima facie case of unlawful retaliation based on statutorily-protected activity. For the reasons discussed below, we affirm.

## Jurisdiction

Jurisdiction in the district court was proper based upon 28 U.S.C. §1343. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. Ghane timely filed his notice of appeal pursuant to Fed. R. App. P. 4(a).

## Facts

The following summary of the facts is largely based upon the district court's order. Slip op. at 2-6. Ghane, a native of Iran, was hired by the Army Corps of Engineers in September 1992 to work as a chemist in their GeoTechnical Branch of the Engineering Division in Kansas City, Missouri. At the time, Ghane was the only person of Iranian descent employed at that Kansas City branch. Ghane was hired as a "career-conditional"employee, which meant that he had to serve a one-year probationary period before being considered for permanent employment. During his probationary year, he was subject to certain rules governing probationary employees and could, without formal procedures, be removed for unacceptable job performance or conduct. See Appellant's Appendix at 28-32.

-2-

In June 1993, during his probationary period, Ghane's employment was terminated upon the recommendation of his supervisor, Allen Tool, and the "Senior Chemist," Richard Medary. Ghane was terminated after his former girlfriend made a telephone call to his work place, in which she claimed that Ghane had threatened to harm a co-worker and had threatened to blow up a federal office building.

The letter notifying Ghane of his termination, dated June 4, 1993, identified the following deficiencies in his performance and conduct on the job: (1) an unwillingness to compromise with co-workers on work-related issues or to engage in communication critical of his work; (2) work products that had consistently fallen below an acceptable level in terms of both quality and quantity of work produced; (3) repeated failures to meet established project deadlines; (4) unacceptable written communications requiring extensive revisions; and (5) unresponsiveness to counseling and directions from his supervisor. The letter further stated: "You have been given ample opportunity to successfully correct these deficiencies in an acceptable manner. Your conduct and performance referenced in this letter [are] inconsistent with that desired of a government employee and [have] adversely affected the accomplishment of our mission." Id. at 39-40 (letter of notice of removal during probationary period).

According to Ghane, his supervisors denied his requests for training to improve his skills and denied his requests to attend professional meetings; he could not work on his projects after hours because he had difficulty obtaining a key card to access the building; and he had to wait for four months before receiving a computer, which was outdated and eventually stopped working. He also alleges that on one occasion a co-worker referred to him as "Iranian." That co-worker denied making the reference and was later separated from the agency. It is undisputed that on another occasion a co-worker, apparently as a practical joke, changed Ghane's nameplate to read "Sammy Ganes." Tool investigated the nameplate incident, and thereafter the perpetrator acknowledged responsibility and apologized to Ghane.

More than a year before his termination, Ghane had joined the Corps of Engineers' Equal Employment Opportunity (EEO) committee. He was elected vice-chair of that committee in May of 1993, shortly before his termination.

**Discussion**

We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076 (8th Cir. 1980). The nonmoving party may not merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial. Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981).

*Discriminatory discharge claim*

Because Ghane's discrimination claim[2] is based upon inferences to be drawn from circumstantial evidence, it is governed by the three-stage burden-shifting pretext

---

[2]We agree with the district court that Ghane's assertion of discrimination claims based upon both national origin and race may, for purposes of this summary judgment analysis, be treated as essentially the same claim. Slip op. at 9 n.3 (citing St. Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987) (claim of racial discrimination pursuant to 42 U.S.C. § 1981 could be based upon showing that discrimination resulted from Arab ethnicity)).

analysis set forth in <u>McDonnell Douglas v. Green</u>, 411 U.S. 792, 802-804 (1973) (<u>McDonnell Douglas</u>); <u>see also</u> <u>Rothmeier v. Investment Advisers, Inc.</u>, 85 F.3d 1328, 1332 (8th Cir. 1996). Under the <u>McDonnell Douglas</u> framework, the plaintiff bears the burden of establishing a prima facie case of discrimination, which has the effect of creating a legal presumption of unlawful discrimination. If the plaintiff establishes a prima facie case, then the defendant must proffer some legitimate nondiscriminatory reason for the adverse employment action. If the defendant meets this burden of production, the presumption created by the prima facie case is rebutted and drops from the case. The burden then shifts back to the plaintiff to show that the employer's legitimate nondiscriminatory reason for the employment action was a pretext for the type of unlawful discrimination alleged. <u>See</u> <u>Rothmeier</u>, 85 F.3d at 1332-33.

The district court held that Ghane had not established a prima facie case of employment discrimination because he could not show that he was satisfying the normal requirements of his job or, in other words, that he was performing his job at a level that met the employer's legitimate expectations. Slip op. at 11.[3] The district court further held that, even if Ghane had met his prima facie burden, there was no genuine issue of material fact with respect to whether appellee's proffered reasons are pretexts for discrimination based on race or national origin. <u>Id.</u> at 11-12. Because we agree that Ghane has failed to raise a genuine issue of fact as to whether the reasons proffered by appellee are pretextual and, consequently, whether race or national origin was a determinative factor in the decision to discharge him, we affirm without deciding whether Ghane has failed to meet his prima facie burden as a matter of law.

---

[3]To meet his prima facie burden, Ghane was required by the district court to show that: (1) he is a member of a protected group; (2) he was performing his job at a level that met the employer's legitimate expectations; (3) he was discharged; and (4) there are "facts adequate to permit an inference of discrimination." Slip op. at 10-11 (<u>citing</u> <u>Williams v. Ford Motor Co.</u>, 14 F.3d 1305, 1308 (8th Cir. 1994)).

In support of his pretext argument on appeal, Ghane argues that other non-Iranian employees were also late in completing work assignments and sometimes required substantial revisions of their written work. Brief for Appellant at 15. In response, however, appellee argues, that those employees were not similarly situated to Ghane in that they were not probationary employees and their work deficiencies did not rise to the level of Ghane's. Brief for Appellee at 16 (citing Appellant's Appendix at 59 (affidavit of Richard T. Medary)). Having carefully reviewed the record, we conclude that Ghane's disparate treatment argument is insufficient as a matter of law to support a reasonable inference that appellee's proffered reasons are pretexts for intentional discrimination based on race or national origin because Ghane has not demonstrated that those individuals to whom he compares himself are similarly situated in all relevant respects. See, e.g., Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994) (instances of disparate treatment can support claim of pretext, but the plaintiff has the burden to show that he or she is similarly situated in all relevant respects to the individuals who were treated more favorably).

Ghane also maintains that, on at least one occasion, he was called by "a derogatory name directly related to his national origin." Brief for Appellant at 17. We agree that a reference to an employee as "Iranian" may be indicative of racial hostility, depending on the surrounding circumstances and the manner in which the term was used. However, it is undisputed in the present case that the reference was made by a co-worker who was later separated from the agency. Therefore, even assuming the reference was used in a derogatory manner, we hold that the evidence is insufficient as a matter of law to support a reasonable inference that appellee's proffered reasons for discharging Ghane are pretexts for unlawful discrimination because there is no evidence that the remark was either made by a decision maker or made in connection with the decisional process. See, e.g., Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1315-16 (8th Cir. 1996) (discussing "stray remarks" doctrine).

Finally, Ghane argues, among other things, that he was terminated because of his former girlfriend's telephone call to his workplace, in which she alleged that Ghane had threatened to harm a co-worker and had threatened to blow up a federal building. Based on this telephone call, which was received in June of 1993 immediately preceding his termination, Ghane argues "[t]here is, however, strong evidence that the decision to terminate was based upon the stereotypical notions of superiors that Dr. Ghane was a 'crazed Iranian.'" Brief for Appellant at 19. It is undisputed that the former girlfriend specifically identified Ghane by name as the subject of her phone call. There is no evidence that she identified him on the basis of his race or national origin. Therefore, the fact that the phone call was received immediately prior to Ghane's termination supports the inference that there was an additional reason for Ghane's termination, other than those articulated by appellee, but it does not logically or reasonably lead to the conclusion that *race* or *national origin* was a determinative factor in the decision to terminate his employment. See Rothmeier, 85 F.3d at 1336-37 (to survive summary judgment, the plaintiff must (1) create fact issue regarding pretextual nature of proffered reasons *and* (2) create a reasonable inference that the protected characteristic was a determinative factor in the adverse employment decision).

In sum, upon careful review of the record and the parties' arguments on appeal, we hold that Ghane has not presented sufficient evidence from which a jury could reasonably infer that appellee's proffered reasons for discharging him are pretexts for intentional discrimination based on race or national origin.

*Retaliatory discharge claim*

Ghane also claims that he was discharged in retaliation for engaging in statutorily-protected activity. To establish a prima facie case of unlawful retaliation pursuant to 42 U.S.C. § 2000e-3(a), Ghane was required to show that (1) he participated in activity which was statutorily-protected, (2) he suffered an adverse

employment action, and (3) there was a causal connection between the participation and the adverse employment action. Jackson v. St. Joseph State Hosp., 840 F.2d 1387, 1390 (8th Cir. 1988).

There is no evidence in the record that Ghane ever filed an EEOC complaint or formally complained to any of his superiors about illegal discrimination. While it is true that Ghane did complain to his supervisors about his nameplate being changed, it is undisputed that Tool immediately investigated the nameplate matter, and the responsible co-worker apologized to Ghane. We therefore agree with the district court that nothing in the record shows that this incident motivated Ghane's supervisors to terminate him. Slip op. at 12. The only plausible bases for Ghane's retaliation claim are the facts that he was a member of the Corps of Engineers' EEO committee and that his termination occurred approximately one month after he was elected vice-chair of that committee. However, Ghane has presented no evidence of a causal connection between those protected activities and his discharge except for the mere temporal proximity between his election as a committee officer and his termination. In the absence of any other evidence supporting a finding of retaliatory motive or any evidence genuinely disputing appellee's allegations of job performance and conduct deficiencies, we agree with the district court that the evidence in the record is insufficient as a matter of law to establish a causal connection between Ghane's statutorily-protected activity and the decision made by his supervisors to discharge him. See, e.g., Nelson v. J.C. Penney Co., 75 F.3d 343, 346-47 (8th Cir.) ("[i]n light of all these circumstances, we cannot agree with the trial court that the mere coincidence of timing established a submissible case of retaliatory discharge") (citing cases), cert. denied, 117 S. Ct. 61 (1996).

Accordingly, we hold that Ghane has not presented sufficient evidence from which a jury could reasonably infer that appellee's proffered reasons for discharging him are pretexts for unlawful retaliation based upon his participation in statutorily-protected activity.

## Conclusion

For the reasons stated, the judgment of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.