Duane LECY, Appellant,

v.

BURLINGTON NORTHERN AND
SANTA FE RAILWAY CO.,
Respondent.

No. C9–02–2015.

Court of Appeals of Minnesota.

June 24, 2003.

Charles T. Hvass, Jr., Russell Ingebritson, John C. Boylan, Ingebritson & Associates, L.L.P., Minneapolis, MN, for appellant.

Patrick J. Sweeney, JoAnn C. Toth, Spence, Ricke, Sweeney & Gernes, P.A., St. Paul, MN, for respondent.

Considered and decided by ANDERSON, Presiding Judge, SCHUMACHER, Judge, and WILLIS, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

This appeal arises out of an action brought under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 (2002). The district court granted summary judgment in favor of respondent Burlington Northern and Santa Fe Railway Company, concluding that appellant's claims for damages associated with knee injuries are

barred by the FELA three-year statute of limitation. Appellant argues that summary judgment was granted in error, because his cause of action arose within the three-year statute of limitations and respondent's continuing negligence tolled the statute of limitations.

Because we conclude that there are material issues of fact regarding notice to appellant of the left-knee injury and the actual cause of that injury, summary judgment as to the left-knee claim is not appropriate. But because there are no disputed issues of material fact regarding notice to appellant of the injury to his right knee, and because the statute of limitations was not tolled, we affirm in part, reverse in part, and remand.

### FACTS

Appellant Duane Lecy has worked as a laborer with physically demanding job responsibilities for Burlington Northern and Santa Fe Railway Company since 1966. He alleges that he was regularly required to work while kneeling, without the aid of proper kneepads, and it is undisputed that his work as a laborer required the lifting of heavy objects and significant use of ladders. Appellant asserts that this work environment, combined with inadequate tools to complete his work assignments, caused permanently disabling injuries to his knees.

Appellant has a long history of knee problems. Doctor S.H. Lovold testified during his deposition that he treated appellant for bilateral knee complaints on several occasions between throughout the 1980s and 1990s, beginning in 1982. Based in part on appellant's statements to Lovold that appellant suspected his knee troubles were work related, Lovold formed the opinion that appellant's knee problems were indeed caused by his job.

Lovold's records are not complete and contain only two entries, both in July 1988, pertaining to treatment of appellant's left knee. Appellant argues that the 1988 left-knee treatment was a result of a specific injury appellant suffered when his left knee was struck by machinery. Further, appellant notes that Lovold's records contain only sparse mention of appellant's right knee. Although these records are incomplete, they do indicate that in 1995 appellant had received treatment for "knee problem for years." During his deposition, Lovold testified that he treated both appellant's knees on several occasions

Doctor Jonathan Bieble's records and affidavit present a different picture of appellant's medical history. Appellant first saw Bieble after an on-the-job injury in 1986. At that time Bieble felt that appellant "really had a stable [left] knee." Bieble next saw appellant on May 5, 1997. Appellant came to Bieble about constant pain in his knees that was so severe that it prevented him from sleeping. In his notes, Bieble wrote:

> This is a 57 year old male I saw ten years ago for his left knee. Now he is here for his right knee. He has severe pain in the medial side. He can't sleep at night. He is getting 4 hours of sleep.

Bieble diagnosed appellant with degenerative arthritis of the right knee. In August 1998, Bieble began treating appellant's left knee. Both knees were eventually replaced. In his affidavit, Bieble stated that he had reviewed Lovold's deposition testimony and records and it was Bieble's opinion that he and Lovold were treating different knee problems.

In 2000 appellant brought a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, alleging that the damage to his knees was caused by respondent's negligence. The district court granted summary judgment in favor of respondent,

stating that appellant's 20–year history of knee problems and medical treatment should have alerted him much sooner than 1997 to the injuries and his claims were therefore barred by the statute of limitations.

## ISSUES

I.   Did the district court err in granting summary judgment on the basis that appellant's action was commenced after the applicable three-year statute of limitations had expired?

II.  Was the applicable statute of limitations tolled by appellant's continuing work assignments?

## ANALYSIS

### I

The Federal Employers' Liability Act imposes liability for work-related injuries while working for a common carrier engaging in interstate or international commerce if those injuries were caused by the carrier's negligence. 45 U.S.C. § 51 (2002). A claim may be brought in either federal or state district court. *Id.* at § 56. The act requires a claim to be brought "within three years from the day the cause of action accrued." *Id.*

Summary judgment is properly granted if the

> pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn. R. Civ. P. 56.03. On appeal from a summary judgment, this court determines whether there are genuine issues of material fact and whether the district court erred as a matter of law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

The evidence is viewed in the light most favorable to the party against whom the motion was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

▮▮▮ A railroad has a duty to provide its employees with a reasonably safe workplace. *Ackley v. Chicago & N.W. Transp. Co.*, 820 F.2d 263, 267 (8th Cir.1987). FELA allows injured railroad workers to recover for the negligence of their employer. *Id.* at 266.

▮▮▮ Where, as here, the date of the injury is not ascertainable, the three-year statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury that is the basis of the claim. *U.S. v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979). Thus, the plaintiff is required to use "reasonable diligence and investigate the cause of a known injury." *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001).

▮▮▮ Those injured on the job have a responsibility to protect themselves by seeking medical and legal advice within a reasonable period of time. *Kubrick*, 444 U.S. at 123, 100 S.Ct. at 360. But for purposes of starting the clock on the statute of limitations, knowledge of a specific injury is not required; it is sufficient if the plaintiff knows that he or she is injured and the injury is work related. *Matson*, 240 F.3d at 1236. Therefore, the appropriate inquiry here is when appellant should have realized a causal relationship between his knee injuries and his employment with respondent.

For example, in *Matson*, a federal appeals court held that a plaintiff's claim was untimely because the plaintiff had known about his back injury more than three years before he filed the claim. *Id.* The

plaintiff in *Matson* first saw a doctor about back pain that he reported was caused by "his work" in early April 1995, yet did not file a claim until May of 1998. *Id.* at 1234. The Tenth Circuit Court of Appeals held that because the plaintiff was on notice in April 1995 that his back pain was work related, his May 1998 complaint was too late. *Id.* at 1236.

Conversely, in *Fonseca v. Consol. Rail Corp.,* 246 F.3d 585, 591–92 (6th Cir.2001), the Sixth Circuit held that it was an issue of material fact as to whether the appellant's present injuries were the same as his previous injuries and summary judgment was therefore inappropriate. *Fonseca,* 246 F.3d at 591–92. In that case, the plaintiff suffered temporary pain in his hands after working with hand and power tools from the late 1960s to the early 1990s. *Id.* at 587. In the mid 1990s, the plaintiff began to experience persistent pain in his hands and sought treatment, in March 1996. *Id.* The plaintiff filed a FELA claim against his employer in March 1999. *Id.* In allowing the plaintiff's suit to survive a motion for summary judgment, the *Fonseca* court noted that there was evidence to suggest that the plaintiff's frequent on-the-job discomfort differed from the cumulative injuries alleged in his complaint. *Id.* at 591. Further, the court noted that had the plaintiff brought his claim in the early 1970s, when he first began to experience pain in his hands, his case would surely have been dismissed for lack of evidence. *Id.* at 592.

The Minnesota Federal District Court has held that because the record did not clearly reveal when a plaintiff knew he had contracted a debilitating skin condition summary judgment was inappropriate. *Corrigan v. Burlington N.R.R., Inc.,* 612 F.Supp. 665, 668 (D.Minn.1985). The plaintiff in *Corrigan* began suffering from eczema in 1965. *Id.* at 666. In 1976, the plaintiff was transferred and his new job duties required him to come into contact with grease and solvents. *Id.* at 666–67. After six months at this position, he broke out in a rash. *Id.* at 667. The plaintiff then sought treatment for a severe rash on his hand, feet, and legs in 1982, caused by a reaction to chemicals. *Id.* In 1984, the plaintiff brought his claim. *Id.* The court denied the defendant's summary judgment motion, noting that although the plaintiff had suffered skin problems for more than 20 years, because the record did not show that the plaintiff should have known the early rash was caused by the same condition that was the basis of his 1984 claim, determining when he should have become aware of his work-related injury presented a genuine issue of material fact. *Id.* at 668.

Appellant argues that the district court erred by ruling his claim was time-barred. Like the plaintiff in *Corrigan,* appellant claims that the problems for which he sought help from Lovold were temporary and abated with treatment and were therefore different from the degenerative arthritis that is the basis of the present complaint.

■ The district court did not err in concluding that appellant's claim regarding to his right knee was time-barred. Appellant began his action against respondent by filing his complaint on May 2, 2000. On May 5, 1997, appellant went to see Bieble for serious pain in his right knee. The pain was so severe that appellant was unable to sleep. It requires a suspension of disbelief to accept appellant's argument that the degenerative arthritis in his right knee occurred on or about May 5, sufficient to bring his claim within the three-year statute of limitations. Lovold's testimony, as well as his medical records, indicate that in 1995 appellant had pain in his

right knee "for years" and received treatment for this pain in the mid–1990s.

■ But the medical evidence relative to appellant's left knee is far less clear. Lovold's records do not contain much information about appellant's left knee. Lovold testified that he treated pain in both knees as early as 1982, but there is no indication that this treatment was for the degenerative arthritis diagnosis appellant received in 1997.

Further, after treatment for appellant's 1986 work-place accident to his left knee concluded in 1988, Lovold's records make no mention of treating the left knee. Significantly, appellant testified that he had no problems with his left knee until he began walking differently to compensate for the pain in his right knee. And finally, after reviewing Lovold's deposition transcripts and medical records, Bieble opined that the problems Lovold treated were not related to appellant's degenerative arthritis.

Because there are material issues of fact relative to appellant's left knee injuries, we reverse the district court's grant of summary judgment as to appellant's left-knee injuries and remand for further proceedings. *See Corrigan*, 612 F.Supp. at 668.

## II

■ Appellant argues that the statute of limitations should be tolled because respondent negligently required appellant to perform work harmful to his knees. He contends that under the "continuing-torts doctrine," the FELA statute of limitations is tolled so long as the plaintiff is still exposed to the conditions that gave rise to his or her injuries. *Id.* at 668.

Respondent argues incorrectly that Minnesota has not recognized the continuing-torts doctrine. *See Davies v. West Publ'g Co.*, 622 N.W.2d 836, 841 (Minn. App.2001) (stating that the continuing-torts doctrine has been recognized in employment discrimination, trespass, and workers' compensation suits). But there are no Minnesota decisions applying the continuing-torts doctrine in a FELA context. And respondent correctly notes that federal courts have limited the application of this doctrine to situations where "the harm is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Wilson v. Giesen*, 956 F.2d 738, 743 (7th Cir.1992).

■ We find no error in the granting of summary judgment to of respondent on this issue. It is undisputed that appellant had work-related medical concerns relative to his knees, particularly his right knee. A plaintiff who was aware of his injuries is responsible to protect himself by seeking legal as well as medical advice or at least request an alternative work assignment before the statute of limitations expired. *Kubrick*, 444 U.S. at 123, 100 S.Ct. at 360. While appellant sought medical treatment for these problems, there is nothing in the record to indicate he ever sought a different work assignment or took other steps to ameliorate his condition. The district court did not err in rejecting appellant's argument that the statute of limitations was tolled.

Further, respondent claims that appellant did not file his brief on time. We do not agree. Appellant's notice of appeal was filed on November 18, 2002, and his brief was submitted on December 17. Appellant filed his brief within 30 days after filing his notice of appeal as required by Minn. R. Civ.App. 131.01. Respondent's challenge to appellant's brief on timeliness grounds is without merit.

Additionally, during oral arguments, respondent's counsel argued that some of the material appellant relied on in his brief was not presented to the district court and

is thus not properly before this court. Although there is no indication that respondent actually filed a motion to strike with this court, we note that the allegedly offending material was properly submitted to the district court.

## DECISION

Because appellant had notice of the injury to his right knee more than three years before commencing this action, that claim is barred by FELA's three-year statute of limitation. Because appellant was not prevented from seeking alternative work assignments or taking other steps to protect himself, the continuing-torts doctrine does not apply, and the statute of limitations was not tolled. Because the record is unclear as to when appellant's left knee became symptomatic of degenerative arthritis or even what, in fact, caused the injuries to the left knee, there are genuine issues of material fact in dispute and that claim is not time-barred.

**Affirmed in part, reversed in part and remanded.**